## Estado Libre Asociado de Puerto Rico
## TRIBUNAL DE APELACIONES
## PANEL ESPECIAL V[1]

| | | |
|---|---|---|
| ENEIDA CORDERO DELGADO Y OTROS<br><br>*Recurridos*<br><br>v.<br><br>ALLIED CAR & TRUCK RENTAL, INC. Y OTROS<br><br>*Peticionarios* | KLCE202400780 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>F DP2017-0124 (402)<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de agosto de 2024.

Comparecen Allied Car and Truck Rental Inc. (Allied) y AAA Car Rental Inc. (AAA) en conjunto (parte peticionaria), mediante recurso de *Certiorari*, y nos solicitan que revisemos una *Resolución*[2] emitida el 13 de junio de 2024, y archivada en autos el 14 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario). En dicho dictamen, el TPI declaró No Ha Lugar la *Solicitud de Recusación*[3] presentada por la parte peticionaria.

Examinado el recurso y por las razones que expondremos a continuación, **expedimos** el auto de *certiorari* y **confirmamos** la Resolución recurrida.

---

[1] El recurso de epígrafe fue asignado a este Panel conforme a lo dispuesto en la Orden Administrativa OAJP-2021-086 sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones, emitida el 4 de noviembre de 2021, con efectividad del 10 de enero de 2022.
[2] Véase Apéndice I del recurso de *Certiorari*.
[3] Véase Apéndice VI del recurso de *Certiorari*.

**I.**

En lo aquí pertinente, surge del expediente que la señora Eneida Cordero Delgado y Rocamar Caribe, LLC (parte recurrida), presentaron una *Demanda* sobre daños y perjuicios, por una alegada descarga ilegal de agua realizada por la Allied. Solicitaron $100,000 para restaurar el área y limpiar el terreno, $20,000 por pérdida económica y una cuantía de $45,000 por concepto de angustias mentales; además, que se le imponga a la parte peticionaria $10,000 por las costas, gastos y honorarios de abogado. Posteriormente, la parte recurrida enmendó la demanda para incluir como codemandada a AAA.

Tras varios trámites procesales que no son pertinentes a la controversia a resolver, el 16 de mayo de 2024, la parte peticionaria presentó una *Solicitud Conforme la Regla 63.2 de Procedimiento Civil*[4]. En la misma, incluyó una declaración jurada del señor Rhamses Carazo Villa, presidente de Allied, quien detalló, a su entender, las alegadas expresiones que realizó la jueza Diana Z. Pérez Pabón durante la vista sobre estado de los procedimientos, celebrada el 4 de marzo de 2024, en la que aparentaba tener parcialidad o perjuicio[5].

Surge de la Resolución impugnada[6] que, el 24 de mayo de 2024, la jueza Diana Z. Pérez Pabón atendió la solicitud y determinó que no procedía la misma, refiriendo el asunto a la Jueza Administradora Regional, la cual, a su vez, remitió el petitorio de la parte peticionaria a la Jueza Coordinadora de lo Civil de la Región Judicial de Carolina, quien declaró No Ha Lugar la *Solicitud Conforme la Regla 63.2 de Procedimiento Civil* y determinó que, "el

---

[4] Véase Apéndice VI del recurso de *Certiorari*.
[5] Desconocemos si la parte recurrida presentó Oposición, ya que del legajo apelativo no surge documento alguno ni la regrabación de la vista del 4 de marzo de 2024. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).
[6] Véase Apéndice I del recurso de *Certiorari*.

prejuicio o parcialidad hacia una de las partes o los abogados que da lugar a una recusación es aquel que se origina en un motivo personal y no judicial". También, indicó "que la parte tiene que demostrar, afirmativa y específicamente, la naturaleza del prejuicio o parcialidad" y que "dicha condición no se estableció en el presente caso".

Inconforme, la parte peticionaria acude ante este Tribunal de Apelaciones mediante recurso de *Certiorari*, en el cual alega que:

> Erró el TPI al entender que la Honorable Diana Pérez Pabón no debía inhibirse por las expresiones vertidas por esta en la Vista Sobre el Estado de los Procedimientos, a pesar de que las expresiones indicaban insatisfacción por parte de la Jueza con la determinación de este Honorable Tribunal y favorabilidad a la prueba desfilada a favor del Demandante. Lo anterior creando la apariencia de parcialidad o prejuicio de la Honorable Jueza Pérez Pabón.

La parte recurrida no compareció, aun cuando este Foro emitió Resolución concediendo un término adicional para expresarse en torno al recurso presentado.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[7]. La determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial[8]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[9]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar

---

[7] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).

[8] *Íd.*

[9] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.

arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[10].

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil[11]. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo"[12]. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[13].

En consecuencia, las determinaciones que cumplan con la Regla 52.1 de las de Procedimiento Civil, *supra*, pueden ser objeto de revisión y el tribunal apelativo ejercerá su discreción para decidir si expide o no el recurso de *certiorari*. Los criterios que este Tribunal de Apelaciones examina para ejercer su discreción se encuentran recogidos en la Regla 40 de nuestro Reglamento, 4 LPRA XXII-B, R. 40. Esta norma procesal dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[10] *Íd.*
[11] 32 LPRA Ap. V, R. 52.1.
[12] *Íd.*
[13] *Íd.*

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *certiorari*[14]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[15].

**-B-**

La confianza de los ciudadanos en el sistema de adjudicación de nuestra jurisdicción subsiste en la medida en que se preserven los principios de integridad, honestidad e imparcialidad de aquellos a quienes compete revelar lo justo[16]. Es precisamente ahí, donde radica la grandeza de su oficio, por lo que, en el ejercicio de su función, se espera del juzgador una conducta libre de toda posibilidad de influencias externas[17]. Después de todo, es el juez la persona constituida con autoridad pública para administrar la justicia[18]. Por tanto, la base fundamental de un juicio justo es la imparcialidad del juzgador, cuya inobservancia tendría el efecto de minar la fe del pueblo en la neutralidad del Poder Judicial[19].

En aras de promover la política pública de ofrecer a todo ciudadano el derecho a que su causa sea ventilada sin prejuicio alguno por parte del magistrado competente, los Cánones de Ética

---

[14] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[15] *I.G. Builders et al. v. BBVAPR, supra; Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).
[16] *Martí Soler v. Gallardo Álvarez*, 170 DPR 1 (2007); *Lind v. Cruz*, 160 DPR 485 (2003).
[17] *Lind v. Cruz, supra.*
[18] R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil*, 6ta ed., San Juan, Lexisnexis de Puerto Rico, Inc., 2017, pág. 69.
[19] *Lind v. Cruz, supra.*

Judicial[20] y las Reglas 63.1 y 63.2 de Procedimiento Civil[21], regulan la inhibición y recusación de jueces. En específico, la Regla 63.1 de Procedimiento Civil[22], establece varios escenarios o causas en que los jueces se ven obligados a inhibirse *motu proprio* o a recusación de parte, a saber:

(a) por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito, o por haber prejuzgado el caso;

(b) por tener interés personal o económico en el resultado del caso;

(c) por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el (la) fiscal, procurador o procuradora de asuntos de familia, defensor(a) judicial, procurador(a) de menores o cualquiera de las partes o sus representantes legales en un procedimiento civil;

(d) por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

(e) por haber sido abogado(a), o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

(f) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado(a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

(g) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

(h) cuando en calidad de funcionario(a) que desempeña un empleo público, haya participado como abogado(a), asesor(a), o testigo esencial del caso en controversia;

(i) cuando uno de los abogados(as) de las partes sea abogado(a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o

(j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

---

[20] 4 LPRA Ap. IV-B.
[21] 32 LPRA Ap. V.
[22] 32 LPRA Ap. V., R. 63.1.

Por su parte, la Regla 63.2 de Procedimiento Civil[23], esboza las normas inherentes al perfeccionamiento de una solicitud de inhibición o recusación, así como el proceso a seguir una vez se presenta la misma. En específico, establece como sigue:

> a) Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.
>
> (b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita los incisos (a) a (i) de la Regla 63.1 de este apéndice aplicable, en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.
>
> (c) Si el juez o la jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos de éste al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.
>
> (d) Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación.

Según lo expuesto, la inhibición de un juez puede producirse bajo dos escenarios: a iniciativa del juez (*motu proprio*) o por solicitud de recusación de una parte. Si la inhibición surge *motu proprio*, el juez se abstendrá de intervenir tan pronto conozca la causa y, además, emitirá una *Resolución* escrita y fundamentada. Por otro lado, si es la parte quien solicita la recusación del juez y éste determina que, en efecto, procede su inhibición, entonces lo hará constar a través de una *Resolución* en la cual especificará el inciso de la Regla 63.1 de Procedimiento Civil, *supra*, que motiva su abstención.

No obstante, si se alude a la Regla 63.1(j) de Procedimiento Civil, *supra* (cualquier otra causa que pueda razonablemente arrojar

---

[23] 32 LPRA Ap. V, R. 63.2.

dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia), entonces deberá detallar las circunstancias específicas[24].

Por otro lado, en caso de que una parte solicite la inhibición al juez y éste rehúse inhibirse, entonces el asunto deberá referirse al Juez Administrador para que éste asigne otro juez, quien tendrá la encomienda de determinar si procede o no la recusación del juez en cuestión. El juez a quien se le asigne la evaluación de tal solicitud de recusación deberá, a los 30 días de habérsele asignado el asunto, emitir su determinación por escrito y fundamentada en cualquiera de los escenarios dispuestos por la Regla 63.1 de Procedimiento Civil, *supra*. Distinto a la circunstancia en que el juez que está viendo el caso se inhibe, la Regla 63.2 de Procedimiento Civil, *supra*, no establece expresamente la obligación del juez a quien se le asigna la evaluación de una solicitud de recusación de emitir su determinación por escrito y fundamentada en al menos una de las causas que establece la Regla 63.1 de Procedimiento Civil, *supra*. Sin embargo, consideraciones de debido proceso de ley -en su contexto apelativo- y de simple sentido común así lo requieren[25].

En cuanto a la imputación sobre parcialidad que mediante una solicitud de inhibición o recusación se presenta en contra de un juez, los Cánones 8 y 20 (j) de Ética Judicial[26], armonizan la concepción de lo que, en nuestro ordenamiento jurídico, constituye la apariencia de imparcialidad judicial. Al respecto, el Canon 8[27], establece que la conducta de los jueces ha de excluir la posible apariencia de que son susceptibles de actuar por influencias. Del mismo modo, el Canon 20 (j)[28], dispone que los jueces deberán

---

[24] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 324.
[25] *Mun. de Carolina v. CH Properties*, 200 DPR 701 (2018).
[26] 4 LPRA Ap. IV-B, C. 8 y C. 20.
[27] 4 LPRA Ap. IV-B, C. 8.
[28] 4 LPRA AP. IV-B, C.20 (j).

inhibirse por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

Con relación a ello, la doctrina interpretativa aplicable reconoce que la parcialidad aducida a fin de que un juez no intervenga en determinado asunto debe ser una originada fuera del plano judicial, es decir, en el ámbito personal[29]. En específico, el término *prejuicio o parcialidad personal,* se define como una actitud que se origina fuera del plano judicial, es decir, en el plano extrajudicial[30].

Por consiguiente, al determinar si existe o no prejuicio personal de parte del juez, se debe analizar la totalidad de las circunstancias a la luz de la prueba presentada[31]. Para ello, es necesario que utilicemos la norma objetiva para todos, a saber, la del buen padre de familia; mirando no desde la perspectiva del Juez o de los litigantes, sino desde la óptica de este mítico ser[32]. *Íd*; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. J.T.S., 2011, T. V, pág. 1852. El estándar ético es objetivo: si una persona razonable, con conocimiento de todas las circunstancias, tendría dudas sobre la imparcialidad del juez. La imputación de parcialidad o prejuicio, como punta de lanza, debe cimentarse en cuestiones personales serias, no triviales ni judiciales; es decir, <u>una actitud originada extrajudicialmente</u> en situaciones que revistan sustancialidad[33].

Ahora bien, dado a que el derecho del litigante a solicitar la inhibición judicial está limitado por los principios de buena fe, abuso de derecho e incuria, la solicitud de que trate debe apoyarse en hechos comprobables, a la luz de la totalidad de las

---

[29] *Mun. de Carolina v. CH Properties, supra.*
[30] *Íd.*
[31] *Mun. de Carolina v. CH Properties, supra.*
[32] *Íd*; Cuevas Segarra, op. cit., pág. 1835.
[33] *Mun. de Carolina v. CH Properties, supra.*

circunstancias[34]. La jurisprudencia vigente reconoce que "la mera apariencia de parcialidad constituye un motivo suficiente para la inhibición o recusación de un juez[35]." Ello así, toda vez que los tribunales de justicia tienen el deber de velar porque la consideración de las prerrogativas de quienes acuden a su auxilio esté libre de toda sospecha[36]. Es en el ideal de la protección a la confianza pública que, a su vez, se exige una administración apropiada de los casos[37]. Los jueces están llamados a ejemplificar la independencia judicial. De esta manera, las personas en igualdad de condiciones tendrán derecho a ser oídas públicamente y con justicia por un tribunal independiente e imparcial. Canon 2 de Ética Judicial[38]. Los tribunales de justicia deben velar porque la balanza en que se pesan los derechos de todos los ciudadanos esté libre de sospechas, aunque las mismas sean infundadas[39].

### III.

Aun cuando este Foro pudo desestimar el recurso de *certiorari* presentado por la parte peticionaria por incumplir con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[40], nos vemos precisados a intervenir en aras de evaluar si el TPI incide en el proceso de no recusar a la jueza Pérez Pabón.

En su recurso, la parte peticionaria argumenta que la solicitud de inhibición presentada ante el foro primario se debió a expresiones realizadas por la Jueza durante la vista de estado de los procedimientos, lo cual no refleja imparcialidad. Las alegadas expresiones son:

---

[34] *Mun. de Carolina v. CH Properties, supra.*
[35] *Mun. de Carolina v. CH Properties, supra*, pág. 713.
[36] *Mun. de Carolina v. CH Properties, supra.*
[37] *Íd.*
[38] 4 LPRA Ap. IV-B; *Mun. de Carolina v. CH Properties*, supra; *In re: Mercado Santaella*, 197 DPR 1032, 1059, (2017).
[39] *Mun. de Carolina v. CH Properties, supra; In re: Mercado Santaella, supra*, pág. 1064, citando a *Sucn. Ortiz v. Campoamor Redín*, 125 DPR 106, 190 (1990).
[40] 4 LPRA Ap. XXII-B, R. 83(C).

"sabe que licenciado, del expediente uno lo lee y yo digo caramba esta sentencia del tribunal apelativo mmmm se agarraron como verdad que...[41]".

"esto es un caso de vecinos y que está el sitio ese de empanadilla que ese restaurante es famoso en toda Carolina que queda en la marginal y tenemos Allied y tenemos todos los daños que pasaron por aquí las aguas, las escorrentías cuando lavan los carros y todo ese asunto verdad[42]".

"una de la prueba que pasaron era que los empleados estaban furiosos porque no los dejaban comer las empanadillas de las casas de las empanadillas... La Llave del Mar supuestamente hace unas empanadillas que son famosas y los empleados y las personas que iban a hacer negocios con Allied Car Rental iban al negocio y había cierta animosidad en cuanto a los asuntos de vender hasta.. de hacer negocios entre ellos y creo que, si se hace una transacción, podría eso mejorarse porque estos dos negocios están para quedarse[43]".

"sus clientes ya tienen conocimiento, porque vamos a pensar que no lo tenían, verdad, y por eso la Sentencia del [T]ribunal Apelativo y del Supremo lo vio de esa manera..., de que la parte demandada no tenía conocimiento de que el licenciado de la parte demanda no estaba cumpliendo con sus deberes de diligencia conforme a los cánones de ética[44]".

Acorde a la normativa jurisprudencial, nos corresponde evaluar la controversia a base de los hechos, el récord y la ley aplicable[45]. Veamos. En cuanto al trámite procesal, en este caso, tomamos en cuenta que el foro primario cumplió con los requisitos puntuales establecidos en la Regla 63.2 de Procedimiento Civil[46], que esbozan el procedimiento a seguir una vez se presenta una solicitud de recusación. Conforme dispone la regla, el juez cuya descalificación se invocaba, concluyó que no procedía su inhibición y, oportunamente, se abstuvo de continuar actuando en su capacidad de juez hasta que otro magistrado resolvió la solicitud interpuesta. En el caso de autos, la Jueza Coordinadora de lo Civil de la Región Judicial de Carolina, adjudicó la *Solicitud de Recusación*.

---

[41] Véase pág. 7. del recurso de *Certiorari*.
[42] *Íd.*
[43] *Íd.*
[44] Véase, pág. 8 del recurso de *Certiorari*.
[45] *Lind v. Cruz*, 160 DPR 485, (2003).
[46] 32 LPRA Ap. V, R. 63.2,

Tras examinar las alegadas expresiones que la parte peticionaria detalla en su recurso, y evaluada la totalidad de las circunstancias, desde la perspectiva de un buen padre de familia[47], hay ausencia total de prueba que arroje dudas sobre la imparcialidad de la Jueza Pérez Pabón.

Cónsono con lo anterior, determinamos que el TPI no abusó de su discreción ni resolvió contrario a derecho al ordenar remitir nuevamente el caso a la sala de la jueza Pérez Pabón. Por tanto, el señalamiento de error de la parte peticionaria son interpretaciones subjetivas sin prueba que demuestre un proceder judicial prejuiciado. Reiteramos que, una petición de recusación debe contener cuestiones personales serias, no triviales ni judiciales: es decir, una actitud originada extrajudicialmente en situaciones que revistan sustancialidad[48].

Es por todo lo anterior que, luego del estudio de la doctrina previamente expuesta, del examen del escrito de Allied y de los documentos que conforman el legajo apelativo, encontramos que el TPI no se equivocó al denegar la solicitud de recusación presentada por la parte peticionaria. Tampoco se demostró que el tribunal recurrido haya actuado movido por prejuicio o incurrido en un ejercicio de irracionabilidad o en un error manifiesto al reenviar el asunto a la sala de origen.

En síntesis, resolvemos que el TPI no cometió el error señalado. Por lo tanto, **confirmamos** la *Resolución* impugnada.

## IV.

Por los fundamentos expuestos, *expedimos* el auto de *Certiorari* y *confirmamos* la *Resolución* recurrida.

Notifíquese.

---

[47] *Lind v. Cruz, supra,* pág. 491.
[48] *Ruiz v. Pepsico PR, Inc.,* 148 DPR 586, 588 (1999).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Hernández Sánchez emite Voto Explicativo. La Jueza Álvarez Esnard disiente. Denegaría el recurso. La parte peticionaria no puso a este Tribunal en posición de evaluar su petitorio, ya que no consta en el expediente de autos, una regrabación o transcripción de las alegadas manifestaciones vertidas por la Hon. Diana Z. Pérez Pabón en la vista de estado de los procedimientos.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

## Estado Libre Asociado de Puerto Rico
## TRIBUNAL DE APELACIONES
## PANEL ESPECIAL V

| | | |
|---|---|---|
| ENEIDA CORDERO DELGADO Y OTROS<br><br>*Recurridos*<br><br>v.<br><br>ALLIED CAR & TRUCK RENTAL, INC. Y OTROS<br><br>*Peticionarios* | KLCE202400780 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>F DP2017-0124 (402)<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

## VOTO EXPLICATIVO

En San Juan, Puerto Rico, a 28 de agosto de 2024.

*Allied Car & Truck Rental, Inc. y Otros*, (peticionarios) alegan que, en la vista del 4 de marzo de 2024, la juez Diana Z. Pérez Pabón hizo unas expresiones que arrojaban dudas sobre la imparcialidad al momento de atender el caso. El peticionario no cumplió con la Regla 76 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII, R.76 en presentar la transcripción de dicha vista.

Basado en el recurso de *Certiorari* presentado por el *Allied Car & Truck Rental, Inc.* y Otros, (peticionarios) y la Resolución de la juez Nereida Feliciano Ramos, no queda otra cosa que expedir y confirmar la Resolución recurrida.

Hon. Juan R. Hernández Sánchez
Juez de Apelaciones

Número Identificador
RES2024_____