Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| *Ex parte:*<br><br>MAYTE SOTO MÚÑOZ<br>ALBERTO LÓPEZ LOZADA<br><br><br>ALBERTO LÓPEZ LOZADA<br>Peticionario | KLCE202500290 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Núm.<br>E DI2006-1648<br><br>Sobre:<br>Divorcio por Consentimiento Mutuo |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Juez Ponente, Adames Soto

### SENTENCIA

En San Juan, Puerto Rico, a 23 de mayo de 2025.

Comparece el Sr. Alberto López Lozada (señor López Lozada o parte peticionaria) mediante recurso de *certiorari* solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, (TPI), el 21 de enero de 2025. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de inhibición o recusación instada contra la Honorable Ingrid Caro Cobb (jueza Caro Cobb). Entre otros argumentos, la parte peticionaria sostiene que, en medio de la celebración de la vista de desacato la jueza Caro Cobb realizó unas expresiones que impiden que pueda continuar atendiendo el asunto, por cuanto revelan prejuicio y parcialidad. El 4 de febrero de 2025 la Lcda. María de Lourdes Guzmán Rivera, representante legal del señor López Lozada, solicitó la reconsideración del referido dictamen. No obstante, esta fue denegada por el TPI el 20 de febrero de 2025, notificada al día siguiente.

Considerados los planteamientos alzados por la parte peticionaria, expedimos el recurso de *certiorari* y confirmamos el dictamen recurrido.

## I.  Resumen del tracto procesal

El asunto ante nuestra consideración es secuela de un proceso seguido ante el TPI sobre divorcio y pensión alimentaria en el que ya hemos intervenido anteriormente,[1] aunque atendiendo controversias distintas. Por consiguiente, según será visto, tomamos datos procesales de la referida intervención para reproducirlos en esta determinación, en lo que resulten pertinentes.

El joven Diego López Soto (señor López Soto) es hijo del señor López Lozada. Acontecido el divorcio entre la parte peticionaria y la madre del señor López Soto, se le impuso al padre el pago de una pensión alimentaria para beneficio del hijo aludido. A pesar de que el señor López Soto advino a la mayoridad, el 29 de noviembre de 2022, la parte peticionaria continuó pagando una pensión alimentaria en su favor, a razón de mil siento setenta y uno con cuarenta y dos centavos ($1,171.42) mensuales, por cuanto aún cursaba estudios conducentes al grado de bachillerato.

No obstante, el 23 de mayo de 2023, el señor López Lozada presentó una *Urgente Moción Solicitando Relevo de Pensión Alimentaria,* donde adujo que López Soto había concluido sus estudios de bachillerato, por lo cual le correspondía presentar prueba para justificar que continuara recibiendo pensión alimentaria.

En respuesta, el 21 de septiembre de 2023 el joven López Soto instó una *Moción en Torno a Escritos Presentados por el Alimentista y Solicitud de Desacato*, solicitando que se denegara el relevo de la pensión alimentaria presentado por su padre, el señor López Lozada, y que se ordenara su pago so pena de desacato. Fundamentó su solicitud en que estaba completamente dedicado a sus estudios y que dependía económicamente de

---

[1] Véase caso al que le fue asignado el alfanumérico KLCE202500055.

sus padres para cubrir sus necesidades. De igual forma, arguyó que se encontraba preparando para comenzar estudios de medicina, en agosto de 2024, por lo que tomó una serie de exámenes para lograr ser admitido.

Con todo, el 10 de octubre de 2023, la parte peticionaria se opuso al desacato y reiteró su solicitud para ser relevado de la pensión alimentaria, pues reafirmó que le correspondía al señor López Soto demostrar ser acreedor de la pensión alimentaria, pues no se había mantenido cursando estudios ininterrumpidamente.

El próximo documento incluido en el apéndice del recurso ante nos fue una *Moción en Cumplimiento de Orden y Solicitud de Orden* del 7 de febrero de 2024, la cual alude a una vista celebrada el 25 de enero de 2024 por el Hon. Negrón Villardefrancos, quien presidía los procedimientos en ese momento.[2] En el referido escrito, la parte peticionaria arguyó que el señor López Soto entregó varios documentos que incluían las partidas cuyo pago se le reclamaba, pero que cierta información requerida fue omitida. Ante lo cual, le solicitó al foro de instancia que le ordenara al señor López Soto entregar dicha información so pena de desestimar el reclamo de pago sobre las partidas no acreditadas. El 28 de febrero de 2024 el TPI le ordenó al señor López Soto cumplir con lo solicitado o replicar.

De conformidad con lo anterior, el 4 de marzo de 2024 el señor López Soto presentó una *Moción en Solicitud de Regrabación de Vista* en la que esbozó que en la vista antes mencionada llegaron a un acuerdo para reestablecer un plan de pago, pero que, posteriormente, el señor López Lozada incumplió con este. Ante ello, solicitó que se ordenara el pago de la deuda de quince mil doscientos sesenta y cinco dólares ($15,265.00), la cual se encontraba vencida y era líquida y exigible, por lo tanto, ejecutable por corresponder a un periodo ya adjudicado desde el año 2019. También, sostuvo que dicha cantidad era distinta al otro reclamo de sesenta y cuatro

---

[2] En el expediente ante nos no obra la *Minuta* de esta vista, por lo que fue omitida del recuento procesal.

mil quinientos cincuenta dólares con ochenta y un centavos ($64,550.81), el cual correspondía al periodo del 2019 al 2023 por concepto de reembolso de gastos escolares y el cual era objeto de controversia. El 13 de marzo de 2024 el TPI ordenó el pago de la deuda de quince mil doscientos sesenta y cinco dólares ($15,265.00).[3] Al día siguiente, el señor López Lozada presentó una *Moción de Réplica a Moción en Solicitud de Regrabación de Vista* donde reiteró su petición de que se ordenara la producción de la información solicitada concerniente a los gastos universitarios.

El 17 de abril de 2024 el señor López Soto presentó una moción en la cual solicitó una orden protectora a su favor y que el TPI determinase que el descubrimiento de prueba fue producido, además de señalar una vista evidenciaria para establecer la cantidad adeudada por el padre. Ese mismo día presentó una segunda moción reiterando su petición de que se acelerara la deuda de $15,265.00. Ante ello, el 23 de abril de 2024 el TPI ordenó la celebración de una vista en su fondo a celebrarse el 7 de junio y dio por concluido el descubrimiento de prueba. No obstante, esta fue celebrada el 28 de junio de 2024.[4]

Según la *Minuta* de la vista antes mencionada, el señor López Lozada no compareció a esta, pero su representante legal, Lcda. María de Lourdes Guzmán Rivera, estuvo presente. Sin embargo, la vista fue reseñalada para el 10 de julio de 2024 debido a que el Lcdo. Joshua Cruz Ramos, representante legal del señor López Soto, no pudo comparecer por encontrarse atendiendo una lectura de sentencia en el Tribunal de Primera Instancia de Bayamón.

Similarmente, el señor López Lozada tampoco compareció a la vista de alimentos entre parientes celebrada el 10 de julio de 2024. Acorde con la *Minuta*, el Lcdo. Cruz Ramos cuestionó si la parte peticionaria fue excusada

---

[3] Esta es la primera Orden del tribunal suscrita por la Hon. Ingrid Caro Cobb que obra en el expediente ante nos.
[4] Del expediente no surge el motivo para celebrarse en una fecha posterior a la pautada en la *Orden* del 23 de abril de 2024.

de la vista, a lo que la Lcda. Guzmán Rivera contestó que siempre había informado que su representado residía en Estados Unidos y que, al ser un procedimiento civil, ella representaba sus intereses. El Tribunal excusó al señor López Lozada de su comparecencia.

Además, en la referida vista, el señor López Soto reiteró su solicitud de que el señor López Lozada fuera incurso en desacato por no haber sido relevado de la pensión alimentaria y no haber realizado el pago de $15,265.00. Por consiguiente, el TPI le concedió un término de veinte (20) días al señor López Lozada para consignar la totalidad del pago. De incumplir con la anterior, se ordenaría el registro de la deuda y su arresto fuera de la jurisdicción de Puerto Rico.

En cuanto a la alegada deuda de $64,000.00, el señor López Soto arguyó que existían varias partidas que no podían ser cobradas como cuestión de derecho y reiteró su petitorio para que se ordenara el descubrimiento de prueba. No obstante, el TPI se sostuvo en su determinación de darlo por concluido. En lo concerniente al pago de la deuda de $64,000, el TPI ordenó la celebración de una vista evidenciara los días 16 y 17 de enero de 2025.

Sin embargo, el 21 de agosto de 2024 el señor López Soto le solicitó al foro de instancia que encontrara incurso en desacato al señor López Lozada y se emitiera la orden de arresto correspondiente, puesto que no cumplió con la *Orden* del 10 de julio de 2024 antes mencionada dentro del término concedido. El 23 de septiembre de 2024 el señor López Soto volvió a solicitar dicho remedio.

Consecuentemente, el 12 de noviembre de 2024 el TPI celebró una vista, presidida por la Hon. Roberto Soto Vega, de desacato de manera presencial. Sin embargo, el señor López Lozada no compareció, pero sí su representante legal, Lcda. Guzmán Rivera. En la vista, la Lcda. Guzmán Rivera reconoció el incumplimiento con el pago de la suma adeudada por parte de su representado. A su vez, manifestó que por conflictos de fecha

por parte del Lcdo. Cruz Ramos existía la posibilidad de suspender la vista. Añadió que no fue hasta el 8 de noviembre de 2024 que se le confirmó la comparecencia del Lcdo. Cruz Ramos, por lo que no pudo solicitarle al señor Lopez Lozada, quien reside en Carolina del Norte, que compareciera presencialmente a la vista. El foro primario reseñaló la vista de desacato para el 12 de diciembre de 2024. Además, ordenó que el señor López Lozada compareciera de forma presencial y trajera la cantidad adeudada de $15,265 bajo apercibimiento de desacato. La vista fue celebrada en la fecha antes mencionada.[5]

Entonces, el 13 de enero de 2025, la representante legal de la parte peticionaria, Lcda. Guzmán Rivera, presentó una *Urgente Moción Solicitando Inhibición o Recusación de Magistrada* juramentada. Basó su petición en que varias determinaciones adversas demostraban que la Hon. Caro Cobb actuó de manera parcializada a favor del señor López Soto. A su vez, arguyó que el trato recibido por la Hon. Caro Cobb en la vista del 12 de diciembre de 2024 fue inmerecido, que la sanción que le fue impuesta fue severa e injustificada, y que la animosidad manifestada le impedía presidir los procedimientos con imparcialidad. Por lo cual, solicitó la inhibición de la Hon. Caro Cobb.

El 21 de enero de 2025 el TPI, por vía de la Hon. Viviana J. Torres Reyes, emitió una *Resolución* declarando No Ha Lugar la petición de inhibición y ordenando la continuación de los procedimientos. Acto seguido, el 4 de febrero de 2025 la Lcda. Guzmán Rivera solicitó la reconsideración, pero esta fue declarada No Ha Lugar el 20 de febrero de 2025.

Inconforme con la determinación del foro recurrido, el 24 de marzo de 2025 el señor López Lozada presentó el recurso que nos ocupa, en el cual señaló los siguientes errores:

> **PRIMER ERROR:** Erró el Tribunal de Instancia al resolver que no se demostró con hechos específicos que la Jueza Ingrid Caro

---

[5] La *Minuta* de la vista celebrada el 12 de diciembre de 2024 no fue incluida en el Apéndice del recurso ante nos. Sin embargo, contamos con la grabación de la referida vista de desacato, a la cual haremos referencia más adelante.

Cobb tenga un ánimo prevenido, esté parcializada o haya prejuzgado la controversia de manera tal que pudiera resultar en el menoscabo de los derechos del señor Alberto López Lozada y que tienda a minar la confianza en el sistema de justicia o que denote la existencia de prejuicio personal hacia éste y/o su representación legal.

**SEGUNDO ERROR:** Es errónea la determinación del foro de instancia al resolver que la solicitud de inhibición o recusación está basada en la insatisfacción del señor Alberto López Lozada con el manejo del caso en la resolución de las controversias al no tomar en consideración la parcialidad demostrada por la Juez Caro Cobb hacia el interventor favoreciendo sus posiciones. Tampoco tomó en consideración que la Juez Caro Cobb: arbitrariamente suprimió el descubrimiento de prueba al peticionario, a pesar de que previamente otro Magistrado lo había autorizado habida cuenta de que el interventor estaba reclamando una deuda de cinco años de gastos universitarios (2019 a 2023) cuyo cobro no se había solicitado hasta el año 2023 y se habían sometido más de 300 documentos en torno a la supuesta deuda, ignorando con tal determinación la doctrina que rige el descubrimiento de prueba y en menoscabo al derecho al debido proceso de ley; no le permitió al peticionario presentar su oposición a una solicitud de orden protectora sometida por el interventor para evitar realizar descubrimiento de prueba; impuso una sanción económica no justificada al resolver que el peticionario había demorado el trámite del caso, lo que no es correcto sino que, por el contrario, la representación legal del interventor se ausentó de una vista sin que ello tuviera consecuencia alguna; haber manifestado que el peticionario y su representación legal habían incurrido en violación a varias órdenes, sin precisar cuáles eran; y haber exhibido un trato hostil contra la representación legal del peticionario lo que arroja dudas sobre su imparcialidad.

## II. Exposición de Derecho

a.

En nuestro ordenamiento jurídico es requisito básico del debido proceso de ley un juicio justo en un tribunal imparcial. *Pueblo v. López Guzmán,* 131 DPR 867, 894 (1992). Para dar cumplimiento a ello, se exige que quien desempeña la función judicial exhiba una conducta imparcial. *Martí Soler v. Gallardo Álvarez,* 170 DPR 1, 8 (2007), *Pueblo v. López Guzmán,* supra. Tal deber de proceder de manera imparcial en su función, es inherente a la misión de impartir justicia. *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 775 (2013).

En la vertiente ética, el requisito de imparcialidad se establece con los Cánones de Ética Judicial de 2005. 4 LPRA Ap. IV-B. De modo que, el Canon

8, 4 LPRA Ap. IV-B, Canon 8, de dicho cuerpo reglamentario, dispone que, las juezas y los jueces deben ser imparciales y sus funciones judiciales deben realizarse de manera independiente, libre de influencias ajenas, instigaciones, presiones, amenazas o interferencias, sean estas directas o indirectas, y sin importar la fuente de donde provengan o la razón para ello. No solo es necesario que las juezas y los jueces sean imparciales, sino que también deben de evitar toda posible apariencia de que son susceptibles de actuar bajo influencias. En esencia, no solo se trata de ser imparcial, sino también de aparentarlo. *Íd.*

La Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R.63.1, establece que la inhibición o recusación de un juez puede ocurrir por iniciativa propia o a petición de alguna de las partes. De igual forma dispone sobre las instancias en las cuales los jueces se ven obligados a inhibirse. Entre ellas, por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito, por haber prejuzgado el caso, o cualquiera otra situación que pueda contribuir a minar la fe y confianza que el pueblo tiene en nuestro sistema de justicia.

La petición de inhibición **se debe presentar tan pronto la parte que la solicita adviene en conocimiento de los hechos que justifican tal proceder**. Regla 63.2(a) Procedimiento Civil, 32 LPRA Ap. V, R.63.2(a). (Énfasis suplido). Esta debe contener una relación de esos hechos y tiene que ser jurada. *Íd.* Incluso, debe estar acompañada con prueba de las alegaciones. *Íd.* Una vez presentada y notificada, se referirá a la consideración de otro juez. Regla 63.2(b) Procedimiento Civil, 32 LPRA Ap. V, R.63.2(b). En específico, la referida Regla 63.2, *supra,* establece expresamente lo siguiente:

> *(a)* Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado (a) **dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación**. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.

*(b)* Una vez presentada la solicitud de recusación, si el juez recusado o la jueza recusada concluye que procede su inhibición, hará constar mediante resolución escrita el inciso aplicable de la Regla 63.1 (a) a (i) en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso se asignará a otro juez o jueza.

*(c)* Si el juez o jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos del mismo al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.

*(d) …*

La Regla, según redactada, pretende establecer un adecuado balance entre el derecho de todo litigante a tener un juzgador imparcial y el respeto institucional debido a los tribunales y a sus magistrados. *Martí Soler v. Gallardo Álvarez*, 170 DPR 1,10 (2007). De ahí que la Regla establezca un mecanismo relativamente sencillo para que el litigante solicite la inhibición de un juez, **pero a su vez exige que la solicitud sea juramentada y se presente tan pronto se tenga consciencia de la razón o los motivos para la inhibición**. *Íd.*

En igual sentido, el requisito de que la moción se presente tan pronto se tenga conocimiento de la causa de inhibición pretende evitar el abuso en la presentación de este tipo de moción. *Íd.*, en la pág. 11. Permitir que se dilate innecesariamente este planteamiento tendría el efecto de colocar a la parte que solicita la inhibición en una posición privilegiada frente a su contraparte. *Íd.* Así, si el fallo le beneficia, la parte guarda silencio, y si le es desfavorable solicita la inhibición. *Íd.*

Cuando se le impute parcialidad o prejuicio para obtener la inhibición de un juez, **tal imputación debe estar fundamentada en cuestiones personales serias, no triviales ni judiciales.** *Mun. de Carolina v. CH Properties,* 200 DPR 701, 712 (2018) citando a *Ruiz v. Pepsico, P.R., Inc.,* 148 DPR 586, 588 (1999). (Énfasis provisto). Meras alegaciones y conjeturas son insuficientes. *Pueblo v. López Guzmán,* supra, en la pág. 892.

A la reglamentación hasta aquí discutida, también se ha de añadir el Canon 20, 4 LPRA Ap. IV-B, Canon 20, el cual establece, en particular que

*una jueza o un juez debe inhibirse de un procedimiento judicial **cuando tenga prejuicio o parcialidad** hacia alguna de las personas, abogados o cualquier parte en el caso, o por haber prejuzgado el asunto que tiene ante su consideración.* (Énfasis suplido). La inhibición o recusación de una jueza o un juez procede también cuando exista cualquier otra razón que pueda arrojar dudas sobre su imparcialidad para adjudicar, o que de paso a minar la confianza pública en el sistema de justicia. *In re Suárez Marchan,* 159 DPR 724, 736-37 (2003); *In re Castro Colón,* 155 DPR 110, 116 (2001).

Al referirnos a **prejuicio o parcialidad** personal, el máximo foro ha resuelto que **se trata, necesariamente, de una actitud que se origina fuera del plano judicial, es decir, en el plano extrajudicial.** *Lind v. Cruz,* 160 DPR 485, 491 (2003); *Pueblo v. Maldonado Dipiní,* 96 DPR 897, 910 (1969). (Énfasis provisto).

b.

Los tribunales de primera instancia poseen gran flexibilidad y discreción para lidiar con el manejo diario y la tramitación de los asuntos judiciales. *In re Collazo I,* 159 DPR 141, 150 (2003). Así, se les ha reconocido a los jueces el poder y la autoridad suficiente para conducir los asuntos ante su consideración de la forma y manera que su buen juicio les indique. *Íd.*

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que, como norma general, el Tribunal de Apelaciones no intervendrá en el manejo del caso ante la consideración del foro primario. *Rivera y otros v. Bco Popular,* 152 DPR 140, 155 (2000). Este foro de segunda instancia solo intervendrá en el ejercicio de la discreción del Tribunal de Primera Instancia en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo. *Íd.*

Por último, el Tribunal Supremo ha expresado, en repetidas ocasiones, que la discreción es el instrumento más poderoso que tienen los jueces en su misión de hacer justicia. *Banco Metropolitano v. Berríos,* 110 DPR 721, 725 (1981). En el ámbito del desempeño judicial, la discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho, [sino] una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657-658 (1997).

**III.     Aplicación del derecho a los hechos**

El dictamen interlocutorio ante nuestra consideración incide sobre un caso de relaciones de familia el cual es revisable en virtud de que el ordenamiento le ha concedido a este foro intermedio, a través de la Regla 52.1 de Procedimiento Civil, *supra,* la discreción para atenderlo.

Según adelantamos en el tracto procesal, la moción de inhibición fue presentada ante el TPI el 13 de enero de 2025. Partiendo de que gran parte de los planteamientos versan sobre lo acontecido en la vista de desacato del 12 de diciembre de 2024, dicha petición debió haberse presentado en o antes del 2 de enero de 2025, tomando en cuenta los días festivos para el cómputo de dicha fecha. Por lo cual, la solicitud de recusación fue presentada en exceso del término de veinte (20) días desde que la parte solicitante conoció de la causa para su petición. La Jueza Administradora atendió la *Urgente moción solicitando inhibición o recusación de magistrada,* esto conforme a la Regla 63 de Procedimiento Civil. 32 LPRA Ap. V. R.63 et seq.

Por otra parte, en su recurso, el señor López Lozada esgrime que incidió el foro primario al declarar No Ha Lugar la petición jurada de inhibición contra la Hon. Caro Cobb. Como fundamento, hace señalamientos atenientes al manejo del caso, los cuales juzgamos que están desprovistos de base específica que sustente el alegado prejuicio o parcialidad. A saber, manifiesta que la Hon. Caro Cobb arbitrariamente

suprimió el descubrimiento de prueba a la parte peticionaria en menoscabo al derecho al debido proceso de ley y tampoco le permitió al peticionario presentar su oposición a una solicitud de orden protectora sometida por el señor López Soto para evitar realizar el descubrimiento aludido. No obstante, lo cierto es que, contrario a ello, el recuento procesal nos revela que se ha cumplido con el requerimiento constitucional aludido en vista de que a ambas partes se le ha conferido la oportunidad de presentar ampliamente sus defensas y argumentos en cuanto al descubrimiento de prueba.[6] Evaluados los aludidos escritos, el TPI realizó un ejercicio válido de manejo del caso y adjudicó la controversia procesal.

Como hemos advertido, las determinaciones del foro de instancia sobre el manejo de los casos ante su consideración están basadas en el ejercicio de la sana discreción del juez. Ello implica que el juez de instancia tendrá el poder y la autoridad suficiente para conducir los asuntos que examina de la forma y manera que su buen juicio les indique. *In re Collazo I,* supra. Así que, como foro revisor, en ausencia de abuso de discreción o que el juez se haya equivocado en la aplicación del derecho, debemos otorgarles deferencia a las determinaciones del foro de instancia.

Escudriñados el resto de los argumentos que la parte peticionaria presenta como causa para justificar nuestra intervención con la discreción del foro primario en este caso, determinamos que son insuficientes en derecho para colocarnos en tal posición. Concretamente, imponer una sanción económica por demorar el trámite del caso, manifestar que el peticionario y su representación legal habían incurrido en violación a varias órdenes sin precisar cuáles eran, y haber exhibido un trato hostil contra esta última.

---

[6] Entiéndase, *Moción en Cumplimiento de Orden y Solicitud de Orden* del 7 de febrero de 2024; *Moción en Solicitud de Regrabación de Vista* del 4 de marzo de 2024; *Moción de Réplica a Moción en Solicitud de Regrabación de Vista* del 14 de marzo de 2024; *Moción en Solicitud de Orden Protectora* del 17 de abril de 2024.

Muy por el contrario, al revisar la grabación de la vista del 12 de diciembre de 2024, encontramos que las partes, con la intervención de la jueza Caro Cobb, sostuvieron intercambios de argumentos sobre la incomparecencia del señor López Lozada a la vista de desacato y la divulgación de las comunicaciones protegidas por el privilegio abogado-cliente. Incluso, en aras de cumplir con su deber de expedir la orden de arresto, la jueza le concedió un turno posterior a la Lcda. Guzmán Rivera para que acreditara la dirección de su representado, aun cuando esa información le había sido requerida desde el 12 de noviembre de 2024.

En cuanto a la expresión de la Hon. Caro Cobb sobre que le dejaba "un mal sabor" "porque es que yo tampoco puedo dejar al arbitrio ni de las partes ni de los representantes legales qué ordenes cumplir y que ordenes no cumplir" se puede concluir sin dificultad que se refería a la ¨orden sobre el pago de la deuda de la pensión que está reconocida y estipulada¨ y que, según el expediente ante nos, no ha sido satisfecha. Por lo cual, la expresión de la jueza no arroja, como pretende la parte peticionaria, indicios de que el Tribunal pensaba que la Lcda. Guzmán Rivera no estaba diciendo la verdad o que ello constituía un prejuicio personal en contra del señor López Lozada. Tampoco hay imputación o señalamiento alguno contra la jueza Caro Cobb que identifique algún prejuicio surgido en el plano extrajudicial, que pueda condicionar las determinaciones que en su día tome en este caso.

En fin, visto que el derecho de alimentos es de tan alto interés público que el Estado, como parte de su política pública, ha legislado ampliamente para velar por su cumplimiento, *Martínez v. Rodríguez*, 160 DPR 145, 150 (2003), solo apreciamos que el TPI, en el ejercicio legítimo de su discreción, actuó en protección de dicho interés público.

**IV. Parte dispositiva**

Por las razones expuestas, las que hacemos formar parte de este dictamen, expedimos el recurso de *certiorari* y confirmamos la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones