Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **JOSÉ M. TORAL MUÑOZ**<br><br>Parte recurrida<br><br>**v.**<br><br>**RAFAEL CINTRÓN PERALES, JUAN CARLOS VEGA, FUNDACIÓN RIGOBERTO FIGUEROA FIGUEROA CORP.**<br><br>Parte peticionaria | KLCE202500582 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Caso Núm.:<br>**GB2024CV00980**<br><br>Sobre:<br>**ACEPTACIÓN, RENUNCIA, REMOCIÓN O SUSTITUCIÓN DEL ALBACEA** |

Panel integrado por su presidenta la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de junio de 2025.

Comparece ante nos Rafael Cintrón Perales, en adelante, Cintrón Perales o peticionario, solicitando que revisemos la *"Resolución"* del Tribunal de Primera Instancia, Sala Superior de Bayamón, en adelante, TPI-Bayamón, notificada el 1 de abril de 2025. En el referido dictamen, el Foro Recurrido declaró *"No Ha Lugar"* la solicitud de recusación presentada por el peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* expedir el recurso.

### I.

El 6 de noviembre de 2024, José Toral Muñoz, en adelante, Toral Muñoz, presentó una *"Demanda"* en el TPI-Guaynabo, contra el peticionario, para la destitución de este último como albacea de la Sucesión Rigoberto Figueroa Figueroa y restitución de dinero.[1] Los otros demandados son Juan Vega Martínez, en adelante, Vega

---

[1] Apéndice del recurso, pág. 35.

Martínez, y la Fundación Rigoberto Figueroa Figueroa, en adelante, Fundación. La dirección física o postal del peticionario yace en el Municipio de Bayamón. Sin embargo, las direcciones de los otros dos (2) demandados surgen del Municipio de Guaynabo.

Luego de varios trámites procesales que no requieren ser reseñados, Cintrón Perales radicó una *"Moción de Traslado"* el 27 de noviembre de 2024.[2] En la misma, arguyó que los pleitos deben ser radicados en la sala en que tengan establecidas sus residencias las partes demandadas. Por estar la residencia del peticionario en el Municipio de Bayamón, concluye el peticionario que la Sala de Guaynabo tiene competencia. Por todo lo cual, solicitó que se trasladara la demanda de este caso a la Sala del TPI-Bayamón.

Ahora bien, la codemandada Fundación radicó una *"Moción en Oposición a Traslado"* el 28 de noviembre de 2024.[3] Además, Toral Muñoz también radicó su *"Oposición a Moción de Traslado"* el 3 de diciembre de 2024.[4] Por su parte, el codemandado Vega Martínez presentó una *"Moción sobre Solicitud de Traslado"* el 4 de diciembre de 2024, en la que se allanó al traslado solicitado por Cintrón Perales.[5]

Las partes litigaron a través de varias oposiciones, réplicas y reacciones, sus posturas respecto al traslado solicitado por el peticionario.[6] Finalmente, el TPI-Guaynabo notificó una *"Resolución"* el 12 de diciembre de 2024, en la que declaró *"No Ha Lugar"* las peticiones de traslado de Cintrón Perales y Vega Martínez.[7] Ese mismo día, el peticionario presentó una *"Moción de Reconsideración",* ante el Foro Recurrido.[8] Sin embargo, esta fue declarada *"No Ha Lugar"* el 14 de enero de 2025. Luego, el 29 de

---

[2] Apéndice del recurso, pág. 759.
[3] *Id.*
[4] *Id.*
[5] *Id.*, pág. 759.
[6] *Id.*, pág. 760.
[7] *Id.*
[8] *Id.*

enero de 2025, Cintrón Perales presentó una *"Solicitud de Recusación"* ante el Foro Primario, en la que peticionó la inhibición del Magistrado y el traslado del caso, o en la alternativa, se paralizaran los procedimientos hasta que no se atendiera esta moción.[9]

Por otro lado, el 30 de enero de 2025, el peticionario recurrió ante esta Curia mediante un recurso de *Certiorari*, impugnando la determinación de *"No Ha Lugar"* del TPI-Bayamón sobre el traslado. Sin embargo, mediante *"Resolución"* del 11 de febrero de 2025, denegamos expedir el mismo.[10]

Ahora bien, paralelo a los procedimientos ante este Foro, el Hon. Alberto Varcárcel Ruiz tuvo ante sí la solicitud de recusación, que finalmente atendió el 10 de febrero de 2025.[11] Mediante su *"Resolución"*, rehusó inhibirse. Por ello, el 19 de febrero de 2025, la Juez Administradora del TPI-Bayamón asignó a otro magistrado de la Región el asunto de la recusación. Así, el 1 de abril de 2025, el TPI-Bayamón emitió una *"Resolución"* declarando *"No Ha Lugar"* la solicitud de recusación de Cintrón Perales.[12]

Inconforme aún, el peticionario radicó una *"Moción de Reconsideración"* el 16 de abril de 2025.[13] La misma fue declarada *"No Ha Lugar",* mediante *"Resolución Interlocutoria"* el 30 de abril de 2025.[14]

Así las cosas, el 29 de mayo de 2025, Cintrón Perales nuevamente recurrió ante nos mediante una *"Petición de Certiorari"*. En la misma, hace los siguientes señalamientos de error:

**PRIMER ERROR:** Erró el TPI a través de la Hon. Marisol Díaz Guerrero al declarar "No Ha Lugar" la

---

[9] Apéndice del recurso, pág. 26.
[10] KLCE202500085.
[11] Apéndice del recurso, pág. 18.
[12] *Id.*, pág. 673.
[13] *Id.*, pág. 3.
[14] *Id.*, pág. 2.

Moción de Reconsideración que solicitaba la revocación de la decisión denegando la recusación del Hon. Alberto Valcárcel Ruiz, pasando por alto e ignorando las "irregularidades" procesales relacionadas al doble rol de Toral, la ausencia de autorización de la Junta de Directores la adjudicación pura del Hon. Juez Valcárcel Ruiz, de los hechos en un procedimiento previo y sobre todo el derecho aplicable.

**SEGUNDO ERROR:** Erró el TPI al negarse a revocar su determinación de que no existía fundamento legal alguno para solicitar la recusación del Hon. Juez Valcárcel Ruiz, aun cuando este tuvo ante sí las mismas partes y adjudicó parte de la controversia medular y le reconoció legitimación activa a Toral.

**TERCER ERROR:** Erró el TPI al negarse a reconsiderar una resolución contraria a derecho, basada en una relación fáctica distorsionada y que arroja serias dudas sobre la imparcialidad del proceso y que mina la confianza pública.

**CUARTO ERROR:** Erró el TPI al negarse a reconsiderar una resolución en la cual se concluye, contrario a los principios básicos de economía procesal que Cintrón Perales debió presentar simultáneamente su solicitud de traslado y recusación.

Mediante *"Resolución"* del 2 de junio de 2025, le concedimos hasta el 9 de junio de 2025 al recurrido para presentar su escrito en oposición, en conformidad con la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 37. El 3 de junio de 2025, Toral Muñoz compareció mediante *"Oposición a Expedición de Auto de Certiorari"*.

Con el beneficio de la comparecencia de ambas partes, y perfeccionado el recurso procedemos a expresarnos.

**II.**

**A. Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del

Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *IG Builders et al. v. BBVA PR*, 185 DPR 307, 338-339 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XXII-B, R. 40.
> *BPPR v. Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una

lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty,* supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio,* 211 DPR 871, 902-903 (2023); *Pueblo v. Custodio Colón,* supra, pág. 589; *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). (Énfasis suplido).

### B. Recusación o Inhibición

El estado de Derecho se asienta sobre el recto y sabio ejercicio de las funciones judiciales. Por su parte, el Juez ejerce en nuestra sociedad una distinguida función de equilibrio en los conflictos humanos. La singularidad en esta función configura la imparcialidad del juzgador como exigencia del debido proceso de ley. *Hernández González v. Secretario,* 164 DPR 390, 396 (2005).

El ordenamiento legal ha provisto varios mecanismos que le garantizan al ciudadano que en la adjudicación de su causa el juzgador será un ente imparcial. Y es que así debe ser, pues los

tribunales constituyen el último asidero de la fe de nuestro pueblo en la Justicia. "La fe de la ciudadanía en el sistema de justicia que impera en nuestro País resulta ser imprescindible para su bienestar general. Esa fe se preserva únicamente en la medida en que los ciudadanos confíen en la integridad, honestidad e imparcialidad de quienes tienen la noble encomienda de impartir justicia." *Lind v. Cruz*, 160 DPR 485, 488 (2003). Véase, además, *Martí Soler v. Gallardo Álvarez*, 170 DPR 1, 8 (2007).

Las normas de inhibición tienen el potencial de evitar el perjuicio, parcialidad, arbitrariedad en la adjudicación de las controversias y a establecer garantías de justicia para las partes. *Ramírez de Ferrer v. Mari Brás*, 142 DPR 941, 953 (1997). En cuanto a lo que significa prejuicio o parcialidad personal, nuestro Tribunal Supremo ha dicho que ello se refiere a "una actitud que se origina fuera del plano judicial, es decir, en el plano extrajudicial." *Mun. de Carolina v. CH Properties*, 200 DPR 701, 712 (2018).

La inhibición y recusación de un juez o jueza está regulada por los Cánones de Ética Judicial, 4 LPRA Ap. IV-B y las Reglas 63.1 y 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1 y 63.2.

Por su parte, el Canon 20 de los Cánones de Ética Judicial ordena a los jueces inhibirse en caso de perjuicio o parcialidad que les impida presidir un procedimiento judicial de manera más justa, objetiva e imparcial. El precitado canon reza de la siguiente manera:

> Las juezas y los jueces entenderán y adjudicarán los asuntos que se les asignen, salvo aquellos en los que la ley requiera su inhibición y en cualesquiera de los casos siguientes, pero sin limitarse a éstos:
> (a) por tener prejuicio o parcialidad hacia cualquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber prejuzgado el caso;

(b) por tener interés personal o económico en el resultado del caso;

(c) por haber sido abogada o abogado, asesora o asesor de cualquiera de las partes o de sus abogadas o abogados en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

(d) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrada o magistrado para expedir la orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

(e) por existir parentesco de consanguinidad o afinidad dentro del cuarto grado con la persona acusada, con la víctima del delito, con la abogada defensora o el abogado defensor, con la o el fiscal, o con un miembro del Jurado en un procedimiento criminal, o con cualesquiera de las partes o sus representantes legales en un procedimiento civil;

(f) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

(g) cuando, en calidad de funcionaria o funcionario que desempeña un empleo público, haya participado como abogada o abogado, asesora o asesor, o testigo esencial del caso en controversia;

(h) cuando una de las abogadas o los abogados de las partes sea abogada o abogado de las juezas o de los jueces que han de resolver la controversia ante su consideración, o lo haya sido durante los últimos tres años, o

(i) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia. Las juezas y los jueces deberán inhibirse tan pronto conozcan de la causa de inhibición mediante una resolución escrita en la que harán constar dicha causa, con su notificación a todas las partes.

A tenor con lo provisto, la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1, dispone lo siguiente:

A iniciativa propia, *o a recusación de parte*, un juez o jueza deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:

a. Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;

b. por tener interés personal o económico en el resultado del caso;

c. por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el(la) fiscal, procurador(a) de asuntos de familia, defensor(a) judicial, procurador(a) de menores o con cualquiera de las partes o sus representantes legales en un procedimiento civil;

d. por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

e. por haber sido abogado(a) o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

f. por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado(a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

g. por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

h. cuando en calidad de funcionario(a) que desempeña un empleo público, haya participado como abogado(a), asesor(a) o testigo esencial del caso en controversia;

i. cuando uno de los abogados o abogadas de las partes sea abogado(a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o

j. por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

(Énfasis nuestro).

Por su parte, la Regla 63.2 de Procedimiento Civil, 32 LPRA Ap. V. R. 63.2, "pauta el contenido de una moción de inhibición." *Martí Soler v. Gallardo Álvarez*, supra, pág. 8. Es decir, dispone en cuanto al perfeccionamiento de la solicitud de inhibición o recusación y su procedimiento. *Mun. de Carolina v. CH Properties*, supra, pág. 709.

Según la Regla 63, la recusación de un juez o jueza no es una sanción disciplinaria, sino un mecanismo profiláctico procesal

para garantizar la pureza de la tarea judicial. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 774 (2013). No obstante, cuando un juez o jueza actúa con pasión, prejuicio o parcialidad pudiera estar incurriendo también en una violación a sus deberes éticos.

En particular, el Canon 20 de Ética Judicial dispone que, los jueces deben abstenerse de adjudicar aquellos casos en los que tengan "prejuicio o parcialidad hacia cualquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber prejuzgado el caso". *Íd.*; Canon XX de Ética Judicial, 4 LPRA IV-B. De igual forma, el mencionado canon establece que, los jueces deberían inhibirse "[p]or cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia". *Mun. de Carolina v. CH Properties*, supra, pág. 712.

Por último, sabido es que "la imputación de parcialidad o prejuicio, como punta de lanza para obtener la inhibición o recusación de un juez, ***debe cimentarse en cuestiones personales serias, no triviales ni judiciales; es decir, una actitud originada extrajudicialmente en situaciones que revistan sustancialidad***". (*Énfasis suplido*). *Ruiz v. Pepsico P.R., Inc.*, 148 DPR 586, 588 (1999). Véase, además, *Mun. de Carolina v. CH Properties*, supra, pág. 712. Es por lo que, para determinar la existencia de prejuicio personal por parte del juez, será necesario analizar la totalidad de las circunstancias a la luz de la prueba presentada, desde la perspectiva de la mítica figura del buen padre de familia. *Ruiz v. Pepsico P.R., Inc.*, supra, pág. 589; *Mun. de Carolina v. CH Properties*, supra, pág. 712.

**III.**

El peticionario recurre ante nos alegando que el TPI-Bayamón cometió perjuicio en su contra. Cuando Cintrón Perales

le solicitó al Hon. Alberto Valcárcel Ruiz la recusación, y este no accedió, la petición fue elevada a la Jueza Administradora Regional, quien, por su parte, asignó la misma a otro magistrado. En su determinación al respecto, el TPI-Bayamón declaró *"No Ha Lugar"* la inhibición del Juez Valcárcel Ruiz. El peticionario aduce que las actuaciones del Juez en cuestión, a todas luces, están parcializadas. Añade que su proceder ha sido contrario al principio de la economía procesal. Por esto, entiende que debemos revocar al Foro Primario.

Sin embargo, luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar el recurso de epígrafe, nos vemos impedidos de expedir el recurso. Lo cierto es que no hemos apreciado perjuicio, error o parcialidad en la determinación del Foro Recurrido. Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, estamos impedidos de entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia.

**IV.**

Por los fundamentos que anteceden, *denegamos expedir el recurso solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones