EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Alfredo Lind Flores, et als.<br>    Demandantes-Recurridos<br><br>        v.<br><br>Gerardo Cruz Morales<br>    Demandados-Peticionarios<br>----------------------------------<br>Madeline Bonilla Ortiz, et als.<br>    Demandantes-Peticionarios<br><br>        v.<br><br>Suiza Dairy Corp., et als.<br>    Demandados-Recurridos<br>----------------------------------<br>Sandra Cruz Suárez<br>    Demandante-Peticionaria<br><br>        v.<br><br>Clínica Santa Rosa Inc., et als.<br>    Demandados-Recurridos<br>----------------------------------<br>Mary Luz Montes Rabrí, et als.<br>    Demandantes-Peticionarios<br><br>        v.<br><br>Eduardo Hernández Ramírez, et als.<br>    Demandados-Recurridos<br>----------------------------------<br>José A. Ortiz Torres, et als.<br>    Demandantes-Peticionarios<br><br>        v.<br><br>Hospital Cristo Redentor, et als.<br>    Demandados-Recurridos<br>----------------------------------<br>Carlos Rivera Cartagena<br>    Demandante-Recurrido<br><br>        v.<br><br>Julio Mariani, et als.<br>    Demandados-Peticionarios<br>----------------------------------<br> Debbie Ann Román Figueroa<br>     Demandante-Recurrida<br><br>        v.<br> Antonio Bernier Figueroa<br>    Demandado-Peticionario | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Certiorari<br><br><br>2003 TSPR 151<br><br><br>160 DPR \_\_\_\_ |

Número del Caso: CC-2003-594

Fecha: 16 de octubre de 2003

Tribunal de Circuito de Apelaciones:
                    Circuito Regional VI

Juez Ponente:
                    Hon. Andrés E. Salas Soler

Abogados de Gerardo Cruz Morales, Myrna Camacho Velázquez y
la Sociedad Legal de Gananciales compuesta por ambos:
                    Lic. Ramiro Rodríguez Ramos
                    Lic. Hilda M. Arriaga Correa
                    Lic. Luis E. Hernández Cuebas
                    Lic. Ramiro Rodríguez Peña

Abogado de Alfredo Lind Flores:
                    Lcdo. José M. Colón Pérez

Abogados de la Parte Recurrida:
                    Lcdo. Héctor L. Ayala Vega
                    Lcda. Melba del C. Ramos Aponte
                    Lcda. Ivelisse Iguina De La Rosa
                    Lcdo. Carlos Martínez Texidor
                    Lcda. Janet Villanueva Sánchez
                    Lcdo. José O'Neill Font
                    Lcdo. Héctor E. Ramírez Carbo
                    Lcdo. Rafael G. Rocher Valera
                    Lcdo. Tomás A. Ujaque Acevedo
                    Lcdo. Dennis J. Cruz Pérez
                    Lcdo. Alejandro Salgado Rivera

Materia: Injunction  Permanente  y  Daños y  Perjuicios,
        Cobro de Dinero y Liquidación de Sociedad Legal de
        Gananciales

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alfredo Lind Flores, et als.
   Demandantes-Recurridos

      vs.

Gerardo Cruz Morales
   Demandados-Peticionarios
------------------------------------
Madeline Bonilla Ortiz, et als.
   Demandantes-Peticionarios

      vs.

Suiza Dairy Corp., et als.
   Demandados-Recurridos
------------------------------------
Sandra Cruz Suárez
   Demandante-Peticionaria

      vs.

Clínica Santa Rosa Inc., et als.
   Demandados-Recurridos
------------------------------------
Mary Luz Montes Rabrí, at als.
   Demandantes-Peticionarios

      vs.

Eduardo Hernández Ramírez, et als.
   Demandados-Recurridos
------------------------------------
José A. Ortiz Torres, et als.
   Demandantes-Peticionarios

      vs.

Hospital Cristo Redentor, et als.
   Demandados-Recurridos
------------------------------------
Carlos Rivera Cartagena
   Demandante-Recurrido

      vs.

Julio Mariani, et als.
   Demandados-Peticionarios

CERTIORARI

CC-2003-594

Debbie Ann Román Figueroa
    Demandante-Recurrida

            vs.

Antonio Bernier Figueroa,

    Demandado-Peticionario

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ PRESIDENTE INTERINO, SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 16 de octubre de 2003

La fe de la ciudadanía en el sistema de justicia que impera en nuestro País resulta ser imprescindible para el bienestar general del mismo. Esa fe se preserva únicamente en la medida en que los ciudadanos confíen en la integridad, honestidad e imparcialidad de quienes tienen la noble encomienda de impartir justicia. La imparcialidad y objetividad con que actúen, en los casos ante su consideración, los funcionarios públicos encargados de esta delicada función son ingredientes indispensables de esa fe; características que no solamente tienen que ser reales sino aparentes. Ciertamente, <u>no</u> basta con que el juez sea imparcial y objetivo; <u>es preciso que lo parezca</u>.

Lo anteriormente expresado debe ser nuestro norte al contestar la interrogante que hoy tenemos ante nuestra consideración: ¿procede la inhibición de un juez cuando el abogado de uno de los litigantes en el pleito que éste preside representa legalmente a un adversario de dicho juez en otro pleito donde este último figura como

demandante en su carácter personal? <u>No</u> albergamos duda alguna de que la <u>respuesta obligada</u> a esta interrogante <u>debe ser en la afirmativa</u>; por ello <u>revocamos</u>.

I

La controversia que hoy ocupa nuestra atención se origina a raíz de una solicitud de inhibición presentada ante el Tribunal de Primera Instancia, Sala Superior de Guayama, para los siete (7) casos consolidados de epígrafe con relación al Juez Eduardo Grau Acosta, quien preside los procedimientos en los mismos. En la referida solicitud los aquí peticionarios alegaron, como fundamento principal, la parcialidad que podría exhibir el referido magistrado en los casos de epígrafe. Apoyaron su contención en el hecho de que el Juez Grau Acosta es la parte demandante en el caso <u>Eduardo Grau Acosta</u> v. <u>Arístides Colón Navarro y otros</u>,[1] en el cual los abogados de los aquí peticionarios son los representantes legales del codemandado Colón Navarro. En vista de ello, solicitaron la inhibición del referido magistrado en los casos de epígrafe, basándose en que los abogados de los aquí peticionarios también representan legalmente a alguna de las partes litigantes en dichos casos.

---

[1] El mismo fue radicado originalmente en el Tribunal de Primera Instancia, Sala Superior de Guayama, bajo el número GDP-2000-0114 y, posteriormente, fue trasladado a la Sala de Aibonito de dicho Tribunal bajo el número BDP-2000-0039.

Luego de varios trámites procesales, el 27 de septiembre de 2002, los peticionarios presentaron una nueva solicitud de inhibición contra el Juez Grau Acosta. Esta vez alegaron la ocurrencia de un incidente en el cual dicho Juez --alegadamente-- increpó e insultó al abogado de los peticionarios por las solicitudes de inhibición presentadas en su contra. Por otro lado, y en vista de que el Juez Grau Acosta no se inhibía ni refería el caso a otro juez para que considerara las mociones de inhibición, ese mismo día los peticionarios presentaron una moción al amparo de la Regla 63.3 de las de Procedimiento Civil,[2] en la cual solicitaron del Juez Administrador del Tribunal de Primera Instancia, Sala Superior de Guayama, el nombramiento de otro juez para que atendiera las solicitudes de inhibición.

Tras varios incidentes procesales, que incluyeron la celebración de una vista argumentativa, el foro primario, mediante resolución de 3 de diciembre de 2002, denegó la solicitud de inhibición. Luego de ser denegada su solicitud de reconsideración, los aquí peticionarios acudieron en alzada ante el Tribunal de Circuito de Apelaciones. Mediante sentencia a esos efectos, el foro apelativo intermedio denegó la expedición del recurso de certiorari presentado.

---

[2] Véase: 32 L.P.R.A. Ap. III, R.63.3.

Inconforme con la actuación del tribunal apelativo intermedio, los peticionarios acudieron --vía *certiorari*-- ante este Tribunal. Alegan que procede revocar la sentencia emitida por el tribunal apelativo intermedio debido a que dicho foro incidió:

> ... al negarse a expedir el auto de Certiorari revocando la resolución del Tribunal de Primera Instancia que denegó la solicitud de inhibición del Honorable Juzgador de Instancia presentada por la parte demandada-peticionaria, a pesar de la existencia de prueba amplia y contundente de la existencia de parcialidad de dicho juez en contra del representante legal de los demandados-peticionarios.

Resolvemos el recurso radicado, sin ulterior trámite, al amparo de las disposiciones de la Regla 50 de nuestro Reglamento.[3]

## II

La exigencia de "apariencia de imparcialidad" en nuestro sistema de justicia es norma firmemente enraizada en importantes principios éticos. Ésta ha sido plasmada en los Cánones que rigen la conducta judicial, específicamente en los Cánones XI y XII(g) de Ética Judicial, 4 L.P.R.A. Ap. IV-A. Es así como el Canon XI preceptúa, en lo aquí pertinente, que el juez "no solamente ha de ser imparcial, sino que su conducta ha de excluir toda posible apariencia de que es susceptible de

---

[3] Véase: 4 L.P.R.A. Ap. XXI-A, R.50.

actuar a base de influencias . ..." Del mismo modo, el Canon XII (g), contiene una prohibición expresa a los efectos de que ningún juez puede entender en procedimientos judiciales en que tenga prejuicio o parcialidad hacia cualquiera de las personas, los abogados o las abogadas que intervengan en el pleito o por haber prejuzgado el asunto que tiene ante su consideración. Este Canon también ordena la inhibición de un juez siempre que esté presente "cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia".

En aras de armonizar los preceptos éticos antes discutidos con la normativa que reglamenta nuestro sistema procesal, la Regla 63.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III R. 63.1, preceptúa, en su Inciso (a), que a iniciativa propia, o a recusación de parte, un juez deberá inhibirse de actuar en un pleito o procedimiento siempre que "tenga prejuicio o parcialidad personal hacia cualquiera de las partes o sus abogados." Del mismo modo, el Inciso (g) de la mencionada Regla ordena la inhibición del juez siempre que exista cualquier causa "que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia." Adviértase que en este último caso estamos ante una cláusula residual que permite ampliar los motivos para las recusaciones, refiriéndose a

circunstancias de carácter general y no a tipos específicos de conducta. José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Ed. Publicaciones JTS, 2000, T.II, pág. 1126.

En cuanto al alcance de lo que significa "prejuicio o parcialidad personal", hemos precisado que se trata, necesariamente, de una actitud que se origina fuera del plano judicial, esto es, en el plano extrajudicial.[4] Pueblo v. Maldonado Dipiní, 96 D.P.R. 897, 910 (1969). De este modo, al determinar si existe o no prejuicio personal de parte del juez, es imprescindible que se realice un análisis de la totalidad de las circunstancias a la luz de la prueba presentada. Ruiz v. Pepsico P.R., Inc. 148 D.P.R. 586, 589 (1999); véase, además: José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, ante a la pág. 1123. Para ello será necesario que utilicemos una norma objetiva para todos, la del buen padre de familia, mirado no desde la perspectiva del juez o desde los litigantes, sino desde la óptica de este mítico ser. Ibid.

Ahora bien, es imperativo que recordemos lo expresado en Sucn. Ortiz Ortiz v. Campoamor Redín, 125 D.P.R. 106, 109 (1990), a los efectos de que el juez tiene el ineludible deber de "velar por que la balanza en que se

---

[4] Ello explica que el hecho de que un juez haya intervenido en casos anteriores distintos, ya sea en contra de los mismos acusados o en contra de uno de ellos, no sea suficiente para demostrar prejuicio personal. Pueblo v. Maldonado Dipiní, ante a la pág. 910.

pesan los derechos de todos nuestros conciudadanos esté siempre libre de sospechas, aun cuando las mismas sean infundadas." (énfasis suplido). Asimismo, hemos sido enfáticos al señalar que los jueces deben "mant[ener] a los tribunales fuera de sospechas de parcialidad", pues, según expresáramos, "la falta de observar aquella imparcialidad fundamental que es la esencia de todo concepto de justicia" implica "la negativa del debido proceso de ley". Valentín v. Torres, 80 D.P.R. 463, 482 (1958) (énfasis suplido).

A tono con lo anterior, en Pueblo v. Martés Olán, 103 D.P.R. 351, 355 (1975), establecimos que para que proceda la inhibición de un juez "no es imprescindible probar la existencia de prejuicio o parcialidad de hecho", sino que "basta con la apariencia de parcialidad o prejuicio." (énfasis suplido). Sobre este particular hemos señalado que la "base fundamental del juicio justo es la imparcialidad del juez" y que "esa imparcialidad es la que origina la confianza en la justicia por parte de la ciudadanía." Pueblo v. Toro Goyco, 84 D.P.R. 492, 499 (1962). Ciertamente, el hecho de que exista una sombra de parcialidad que pueda "poner en entredicho y causar un gran daño a la imagen de la justicia en nuestra jurisdicción" constituye motivo suficiente para la

inhibición de un juez.[5] Véase: <u>Sucn. Ortiz Ortiz</u> v. <u>Campoamor Redín</u>, ante a la pág. 108. Ello es así, pues, como señaláramos antes, "el buen juez [debe] evita[r] toda conducta que mine la confianza pública en la neutralidad del Poder Judicial."[6] <u>P.S.P.</u>, <u>P.P.D.</u>, <u>P.I.P.</u> v. <u>Romero Barceló,</u> 110 D.P.R. 248, 311 (1980).

---

[5] Ello, naturalmente, no significa que los abogados puedan solicitar festinadamente inhibiciones de jueces sin que existan motivos fundados para ello. Hemos de reiterar lo esbozado en el caso *In re* Marchand Quintero, res. el 14 de septiembre de 2000, 2000 T.S.P.R. 134, a los efectos de que "[e]l abogado, en el descargo de su responsabilidad como representante de su cliente, debe actuar sin temor cuando tiene motivos fundados para solicitar la inhibición de un juez. Debe, sin embargo, ser cauteloso sobre todo cuando el motivo de inhibición que invoca acusa conducta del juez reñida con la ética judicial. Y mientras más grave sea la imputación, mayor debe ser su ponderación de las bases de la misma." Sobre el tema específico de las solicitudes de inhibición donde se alega "prejuicio o parcialidad personal", en *In re* Córdova Álvarez, 116 D.P.R. 895, 907 (1986), expresamos que el recurrir "constantemente . . . al apuntamiento de que el tribunal actuó 'con prejuicio, pasión y parcialidad', sin sustanciarlo o sin motivos fundados para así creerlo, es un comportamiento censurable que hemos de rechazar."

[6] Lo anteriormente expuesto fue la "razón de decidir" en <u>Sucn. Ortiz Ortiz</u> v. <u>Campoamor Redín</u>, ante. En dicho caso resolvimos que, por excepción, el mismo no debía ser ventilado en la Sala del Tribunal Superior con competencia para ello por razón de que una de las partes en el caso lo era un miembro de la Judicatura que desempeñaba sus deberes en dicha Sala. Al así resolver, expresamos entonces:

> Dilucidar el caso en la referida Sala implica que un compañero juez de éste, el cual comparte día a día y hombro con hombro en la Sala de Aibonito la gran responsabilidad de impartir justicia, tendrá la difícil encomienda de pasar juicio sobre la credibilidad de un compañero de labores. Ello, en adición a situar en una angustiosa situación a dos compañeros jueces, puede poner en entredicho y causar un gran daño

(Continúa . . .)

III

En el presente caso el Juez Grau Acosta preside los procedimientos judiciales en los casos de epígrafe. En cada uno de ellos el licenciado Rodríguez Ramos funge como representante legal de alguna de las partes. Este licenciado también representa legalmente a la parte demandada en un caso que actualmente se ventila en el Tribunal de Primera Instancia, Sala Superior de Aibonito, donde la parte demandante es, precisamente, el Juez Grau Acosta en su carácter personal.

En vista de esta situación el licenciado Rodríguez Ramos presentó una moción, debidamente juramentada, donde solicitó del referido magistrado que se inhibiera de los casos en que éste funge como abogado postulante en la sala que preside dicho Juez. En la misma alegó que el hecho de que represente al adversario del Juez Grau Acosta en un pleito en el que este último tiene un interés personal, constituye motivo suficiente para que proceda su inhibición ante la probabilidad de que dicho magistrado pudiese desarrollar "parcialidad o prejuicio personal" en los referidos casos.

Ya hemos señalado que al resolver controversias de este tipo, en que se alega la existencia de un "prejuicio o parcialidad personal", originado extrajudicialmente, <u>es necesario analizar la totalidad de las circunstancias</u>

---

a la imagen de la justicia en nuestra jurisdicción. . . . *Ibid*. a la pág. 108.

utilizando como criterio la figura del buen padre de familia. Esto es, nos corresponde determinar si un hombre prudente y razonable, situado en circunstancias similares a las del Juez Grau Acosta, estaría impedido de adjudicar los casos aquí en controversia con la imparcialidad y neutralidad que nuestro ordenamiento jurídico le exige a todo magistrado.

El cuadro fáctico ante nuestra consideración, en palabras sencillas, es el siguiente: un día el señor Eduardo Grau Acosta funge como litigante en un caso donde el licenciado Rodríguez Ramos está situado en el lado de su adversario y al día siguiente se quita el sombrero de litigante y se coloca la toga de Juez para ubicarse en el estrado ante el cual el mismo licenciado Rodríguez Ramos postulará. El riesgo de que, ante este escenario, un hombre prudente y razonable pueda desarrollar "prejuicio o parcialidad personal" es patente. Sin lugar a dudas, ello, de por sí, era suficiente para que el propio Juez Grau Acosta tomara la determinación de inhibirse tan pronto como advino en conocimiento de la presente situación, tal como lo exige el Canon XII de Ética Judicial.

Por otro lado, y aun cuando pueda argumentarse que la presente situación no afecta la capacidad de adjudicación imparcial del Juez Grau Acosta, no hay duda que ante los ojos de las partes siempre quedará la interrogante sobre cuán objetiva y neutral ha sido la actuación de dicho magistrado. Dicha situación es inaceptable, pues, como

señaláramos, una simple sombra de parcialidad es suficiente para minar la fe de la ciudadanía en nuestro sistema de justicia. Ello explica que este Tribunal haya establecido que la mera apariencia de parcialidad constituye motivo suficiente para la inhibición o recusación de un juez.

En vista de lo anteriormente expresado, resulta imperativo que el Juez Grau Acosta se abstenga de entender en los casos de epígrafe. Con tal acción reiteramos la máxima de que "la fe de un pueblo en la justicia, como valor esencial de la democracia, debe ser escrupulosamente mantenida por todos los que en ella intervienen en una forma u otra, a los más altos niveles de la responsabilidad pública." Valentín v. Torres, ante a la pág. 483. Hemos de recordar que el espíritu de nuestras leyes demanda que cada caso sea justa e imparcialmente juzgado, y que ningún juez pueda presidir una vista de un caso en el cual su buena fe esté tan seriamente cuestionada que ponga en riesgo la imagen de imparcialidad y sobriedad que enaltece nuestro sistema judicial.[7]

IV

En mérito de lo anterior, procede decretar la revocación tanto de la actuación del Tribunal de Primera Instancia, Sala Superior de Guayama, como la del Tribunal

---

[7] Véase: Peña v. García, 45 D.P.R. 44, 52 (1933).

de Circuito de Apelaciones, devolviéndose el caso al foro primario para la continuación de procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Presidente Interino

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Alfredo Lind Flores, et als.
    Demandantes-Recurridos

           vs.

Gerardo Cruz Morales
    Demandados-Peticionarios
---------------------------------
Madeline Bonilla Ortiz, et als.
    Demandantes-Peticionarios

           vs.

Suiza Dairy Corp., et als.
    Demandados-Recurridos
---------------------------------
Sandra Cruz Suárez
    Demandante-Peticionaria

           vs.                          CERTIORARI

Clínica Santa Rosa Inc., et als.
    Demandados-Recurridos
---------------------------------
Mary Luz Montes Rabrí, at als.
    Demandantes-Peticionarios

           vs.                          CC-2003-594

Eduardo Hernández Ramírez, et als.
    Demandados-Recurridos
---------------------------------
José A. Ortiz Torres, et als.
    Demandantes-Peticionarios

           vs.

Hospital Cristo Redentor, et als.
    Demandados-Recurridos
---------------------------------
Carlos Rivera Cartagena
    Demandante-Recurrido

           vs.

Julio Mariani, et als.
    Demandados-Peticionarios

Debbie Ann Román Figueroa
    Demandante-Recurrida

        vs.

Antonio Bernier Figueroa,
    Demandado-Peticionario

SENTENCIA

San Juan, Puerto Rico, a 16 de octubre de 2003

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria, tanto de la actuación del Tribunal de Primera Instancia, Sala Superior de Guayama, como la del Tribunal de Circuito de Apelaciones, devolviéndose el caso al foro primario para la continuación de procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton concurre en el resultado por entender que en las circunstancias particulares de este caso el Juez Brau Acosta debió inhibirse de atender los casos de epígrafe. El Juez Asociado señor Rivera Pérez concurre en el resultado sin opinión escrita.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo