ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MIREDDYS GONZÁLEZ CASTELLANOS<br><br>Recurrida<br><br>V.<br><br>RAMÓN LUIS AYALA RODRÍGUEZ<br><br>Peticionario | TA2025CE00572 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm.: CA2025CV01610<br><br>Sobre:<br><br>Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Ronda Del Toro, la Jueza Lotti Rodríguez y la Jueza Trigo Ferraiuoli

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 22 de octubre de 2025.

En este caso se presenta Certiorari el pasado 7 de octubre a las 2:46 pm por la parte demandada en el Tribunal de Primera Instancia, Sala de Carolina (TPI), aquí Peticionario, Sr. Ayala Rodríguez.

Dicha parte peticionaria reclama, que, sin haber competencia en la Sala de Carolina, la Jueza Administradora de dicho TPI dictó, el 10 de septiembre de 2025, sin celebrar vista, una orden denegando el traslado de competencia que estos solicitaron. Todo ello existiendo una controversia entre las partes sobre cual era la Sala en el Tribunal de Primera Instancia de Puerto Rico con competencia sobre esta controversia.

La parte recurrida no ha comparecido conforme nuestra Resolución del 8 de octubre pasado y en su defecto presentaron una solicitud de prórroga para oponerse al recurso, la que se

deniega conforme a lo indicado en dicha Resolución a la que antes hemos hecho referencia, que él Recurso se consideraba perfeccionado en la fecha concedida para que los recurridos presentaran su posición y procedemos con su adjudicación final.

Por las razones que exponemos a continuación, expedimos el auto solicitado y revocamos aquella parte de la Orden que decreta, sin vista, la denegatoria de la solicitud de traslado del caso.

## I.

El 20 de mayo de 2025, se presentó esta demanda ante el TPI, solicitando la liquidación de la Comunidad de Bienes que se creó luego de advenir final y firme la Sentencia de Divorcio que disolvió el matrimonio que existió entre las partes.

En esa demanda se alegó por la allí demandante, aquí recurrida, que desconocía la dirección residencial del demandado, aquí peticionario, a pesar de que en otras demandas que la demandante en TPI (aquí recurrida) conocía, el demandado en otros casos ante el TPI y bajo juramento, expresó que tanto su dirección física como postal era en San Juan de Puerto Rico.

La aquí recurrida alega en la demanda presentada en TPI, que la Regla 3.3 de las de Procedimiento Civil vigentes, dispone que aquellos casos relacionados al título o derecho o interés en bienes inmuebles deberá presentarse en la sala correspondiente aquella que radique el objeto de la acción o parte de este. También debe tomarse en cuenta, aquella parte de dicha Regla 3.3 que expresa y citamos:

"sin perjuicio de las normas generales de competencia y traslado, establecidas en las Reglas 3.1 y 3.6."

El 25 de agosto pasado, la parte aquí peticionaria, presentó Moción de Traslado según la Regla 3.5 de Procedimiento Civil. En

esta se alegó que, desde el 23 de mayo de 2025, mediante Comparecencia Especial, dicha parte presentó ante el TPI, una Solicitud de Desestimación, pues se había enterado por la prensa del caso y consideró responsable presentar dicha petición.

Dicha Solicitud de Desestimación fue denegada por el TPI, al considerarla prematura. La parte peticionaria presentó reconsideración al TPI, pero también le fue denegada. Contra dicha denegatoria el Sr. Ayala acudió en revisión ante este foro. Luego, fue diligenciado el emplazamiento de este caso en su persona, el 7 de julio de 2025. Presenta Desistimiento ante este Tribunal de Apelaciones, el pasado 7 de octubre de 2025 y ese mismo día, este Tribunal dictó Resolución aceptando el desistimiento y ordenando el archivo de aquel caso.

Mediante Resolución y Orden del 5 de septiembre de 2025, el Juez del TPI que atendía este caso, se inhibe motu proprio, y luego de inhibirse, en la misma Resolución, emite una recomendación de traslado del caso a otra Región Judicial. Con esa Resolución y Orden el caso va a la atención de la Jueza Administradora de la Región Judicial de Carolina y esta emite una Orden de que no procede la recomendación de traslado del Juez que se inhibió y ordena referir el expediente del caso a la sala de otra Juez en dicho Tribunal. Esa Resolución y Orden se dicta el 10 de septiembre de 2025 y contra la misma se presenta este recurso.

Como antes dijimos, este caso se presenta como Certiorari el pasado 7 de octubre, por la parte demandada en el Tribunal de Primera Instancia, Sala de Carolina (TPI), aquí Peticionario, Sr. Ayala Rodríguez, contra la Resolución y Orden del pasado 10 de septiembre.

En el Recurso ante nosotros se plantean los siguientes errores:

Primer Señalamiento de Error: Erró la Honorable Jueza Administradora al Revocar una determinación judicial emitida por un Juez de Igual Jerarquía.

Segundo Señalamiento de Error: Erró la Honorable Jueza Administradora al Determinar que la Sala con Competencia para dilucidar el presente caso es la Sala Superior de Carolina.

Veamos el derecho aplicable.

## II.

## A.

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 846-847 (2023); Caribbean Orthopedics v. Medshape et al., 207 DPR 994, 1004 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174-175 (2020); IG Builders *et al*. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra,* pág. 847; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

El tribunal tomara en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XX-B, R. 40;
BPPR v. Gómez-López, *supra*, pág. 337.

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR v. SLG Gómez-López, *supra*, pág. 334; VS PR, LLC v. Drift-Wind, 207 DPR 253, 273 (2021). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera y otros v. Bco. Popular, 152 DPR 140, 155 (2000).

**B.**

La Regla 3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. V, R.3, regula todo lo relacionado con jurisdicción, competencia y

traslado. Particularmente, la Regla 3.1 (a) (1) establece que el Tribunal General de Justicia tendrá jurisdicción sobre todo asunto, caso o controversia que surja dentro de la demarcación territorial del Estado Libre Asociado de Puerto Rico. A renglón seguido, la Regla 3.2 preceptúa lo siguiente:

> **Todo pleito se presentará en la sala que corresponda según lo dispuesto por ley y por estas reglas, pero no se desestimará ningún caso por razón de haberse sometido a una sala sin competencia.**
> **Todo pleito podrá tramitarse en la sala que se presente por convenio de las partes y la anuencia fundamentada del juez o jueza que presida dicha sala en ese momento. De lo contrario, será transferido por orden del juez o jueza a la sala correspondiente.**

La Regla 3.5 de las de Procedimiento Civil, supra, versa sobre los pleitos según la residencia de las partes, disponiendo que:

> **En todos los demás casos, el pleito deberá presentarse en la sala en que tengan establecidas sus residencias las partes demandadas, o algunas de ellas, con excepción de los casos de reclamación de salarios en los que el pleito se tramitará en la sala correspondiente a la residencia de la parte demandante. [...] <u>En caso de que sean comerciantes, sociedades, corporaciones y asociaciones que tengan oficina o agente en diferentes lugares, podrán ser demandados en la sala del lugar en que tengan su centro de operaciones, oficina principal o agente, o en lugar en que se hayan obligado</u>.** (Subrayado nuestro)

Asimismo, la Regla 3.6 de las de Procedimiento Civil, <u>supra</u>, rige lo relacionado al traslado de los casos. En lo pertinente dispone que:

a) **<u>Presentado un pleito en una sala que no sea la apropiada, si la parte demandada desea impugnar la falta de competencia de dicha sala, deberá presentar una moción, dentro de un término no mayor de treinta (30) días a partir de la fecha de la notificación de la demanda y el emplazamiento, para que el pleito sea trasladado a la sala correspondiente.</u> La moción deberá establecer en detalle los hechos que fundamentan la solicitud de traslado, a menos que de la faz de la demanda, o de los autos del caso, surjan los hechos en que se funda la referida moción. De no presentarse escrito**

**alguno en oposición a la moción de traslado dentro de los diez (10) días de haberse notificado la referida moción, el caso será trasladado a la sala correspondiente.**
**La presentación de cualquier moción o de una alegación responsiva dentro del referido término de treinta (30) días no se considerará como una renuncia al derecho a solicitar el traslado.** (Subrayado nuestro)

b) **Cuando la conveniencia de las personas testigos o los fines de la justicia así lo requieran, el tribunal podrá ordenar el traslado de un pleito de la sala en que se está ventilando a otra sala.** (Subrayado nuestro)

**Las Reglas Para la Administración del Tribunal de Primera Instancia sobre Traslados de Casos**

A fin de viabilizar "que en la administración del sistema judicial se garantice en todo momento un servicio rápido y eficiente y un trato equitativo y deferente a los ciudadanos… a los funcionarios y al personal de los tribunales", y de conformidad con la política de impedir toda clase de discrimen, el Tribunal Supremo de Puerto Rico aprobó las Reglas para la Administración del Tribunal de Primera Instancia.

Las Reglas 16 y 44 de dicho cuerpo reglamentario, en particular disponen:

**Regla 16. Traslados Administrativos de Casos Cuando Empleados, Funcionarios o Jueces son Parte**

A. Cuando cualquier empleado o empleada, funcionario o funcionaria, juez o jueza de una región judicial sea parte en litigios que se hayan presentado o que vayan a presentarse en la sala en que laboran el Juez Administrador o la Jueza Administradora de la Región Judicial correspondiente, de concluir que es necesario para proteger la imagen de imparcialidad del sistema, trasladará el caso a otra sala o coordinará su traslado a la región judicial geográficamente más cercana con el Juez Administrador o la Jueza Administradora correspondiente. Una vez autorizado el traslado, se tomarán las medidas necesarias para que el asunto judicial sea atendido de manera expedita, según lo requieran las circunstancias particulares del caso.

B. De tratarse de un caso de naturaleza criminal, una vez tenga conocimiento de la situación el Juez Administrador o la Jueza Administradora de la Región Judicial, informará de ello al o a la Fiscal de Distrito y a la representación legal de la persona imputada.

**Regla 44. Disposiciones Suplementarias**

A. En lo provisto en estas reglas o en cualesquiera otras reglas y reglamentos aplicables, el Juez Presidente o la Jueza Presidenta, o por delegación de éste o ésta, el Director Administrativo o la Directora Administrativa de los Tribunales, <u>dictará las órdenes y reglas de aplicación general que sean necesarias para el mejor funcionamiento del sistema</u>. Los Jueces Administradores y las Juezas Administradoras de las Regiones Judiciales y los Jueces Administradores y las Juezas Administradoras Auxiliares harán lo propio con respecto a sus regiones y salas correspondientes, tomando las providencias <u>necesarias para asegurar, en lo posible, el funcionamiento uniforme del sistema</u>, debiéndose notificar dentro de los siguientes diez (10) días de ello con copia al Director Administrativo o a la Directora Administrativa de los Tribunales… (Énfasis nuestro)

## C.

La confianza de los ciudadanos en el sistema de adjudicación de nuestra jurisdicción subsiste en la medida en que se preserven los principios de integridad, honestidad e imparcialidad de aquellos a quienes compete revelar lo justo. *Martí Soler v. Gallardo Álvarez,* 170 DPR 1 (2007); *Lind v. Cruz,* 160 DPR 485 (2003). Es precisamente ahí donde radica la grandeza de su oficio, por lo que, en el ejercicio de su función, se espera del juzgador una conducta libre de toda posibilidad de influencias externas. *Lind v. Cruz,* supra. "Es el juez la persona constituida con autoridad pública para administrar la justicia […]." R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal Civil*, 6ta ed., San Juan, Lexisnexis de Puerto Rico, Inc., 2017, pág. 69. Por tanto, la base fundamental de un juicio justo es la imparcialidad del juzgador, cuya inobservancia tendría el efecto de minar la fe del pueblo en la neutralidad del Poder Judicial. *Lind v. Cruz,* supra; *P.S.P., P.P.D., P.I.P. v. Romero*

*Barceló,* 110 DPR 248 (1980); *Pueblo v. Toro Goyco,* 84 DPR 492 (1962).

En aras de promover la política pública de ofrecer a todo ciudadano el derecho a que su causa sea ventilada sin prejuicio alguno por parte del magistrado competente, la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V. R. 63.1, enumera las causas por las cuales un juez o jueza deberá inhibirse de intervenir en un pleito. Al respecto y en lo aquí pertinente, el estatuto dispone como sigue:

> A iniciativa propia, o a recusación de parte, un juez o jueza deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:
>
> (a) Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;
>
> [...]
>
> (j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.
>
> 32 LPRA Ap. V, R. 63.1.

El acto de un Juez decidir inhibirse de un proceso, es uno válido, pero priva a ese Juez que tomo la decisión de Inhibirse Motu proprio, de jurisdicción sobre el caso que se inhibió y no podrá tomar ninguna decisión en el mismo y ello incluye no hacer recomendación alguna sobre el mismo, luego de su decisión de inhibirse. Ver: *Lind v. Cruz,* supra y *Andino Torres, Ex Parte,* 152 D.P.R. 509,510-520 (2000) (Voto de Inhibición del Exjuez Asociado Efraín Rivera Pérez, ya fallecido)*.*

### D.

Tanto la Constitución de Puerto Rico como la Constitución de Estados Unidos disponen de manera categórica que "ninguna

persona podrá ser privada de su libertad o propiedad sin el debido proceso de ley". Artículo II, Sección 7, Const. ELA [Const. PR], LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1. En el ámbito judicial y cuasi judicial, el debido proceso de ley se manifiesta en dos dimensiones: la procesal y la sustantiva. *Aut. Puertos v. HEO*, 186 DPR 417, 428 (2012); *Domínguez Castro et al. v. ELA I*, 178 DPR 1, 35 (2010). Para propósitos de nuestro análisis, únicamente es relevante el debido proceso de ley en su vertiente procesal.

De manera abarcadora, "el debido proceso de ley se refiere al 'derecho de toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo'". *Aut. Puertos v. HEO*, *supra*, pág. 428 (citando a *Marrero Caratini v. Rodríguez Rodríguez*, 138 DPR 215, 220 (1995)). En su vertiente procesal, el debido proceso de ley "requiere que, de verse afectado algún derecho de propiedad o libertad de un ciudadano, este tendrá acceso a un proceso que se adherirá a los principios de justicia e imparcialidad". *Íd*. De manera jurisprudencial y estatutaria, se ha reconocido que las garantías mínimas del debido proceso de ley exigen lo siguiente: (1) una notificación oportuna; (2) la presentación de evidencia; (3) una adjudicación justa e imparcial; y, (4) que esa adjudicación se base en el expediente del caso. *Vendrell López v. AEE*, 199 DPR 352, 359-360 (2017) (Sentencia); *Báez Díaz v. E.L.A.*, 179 DPR 605, 624 (2010); *Álamo Romero v. Adm. De Corrección*, 175 DPR 314, 329 (2009).

### III.

Tenemos ante nuestra consideración dos órdenes dentro de la Resolución interlocutoria contra la que se recurre aquí. Primeramente, la Jueza que emite la orden contra la que se

recurre, sin mencionar la inhibición motu proprio del Juez que atendía el caso, lo que justificaba que el caso fuera traído a la atención de la Jueza Administradora, decide, por tratarse de una recomendación de un Juez que se había inhibido, dejar sin efecto dicha recomendación de traslado y ante la inhibición del juez, asignarle otro juez o jueza.

Como antes indicamos, todo acto posterior a su inhibición, de un Juez que se ha Inhibido motu proprio de seguir atendiendo un caso, es inexistente, pues el Juez que se inhibió perdió toda jurisdicción sobre el caso y nada más puede decidir ni recomendar.[1] Ante ello, la actuación de la Jueza Administradora fue en ausencia de una orden válida, pues una vez el Juez se inhibió, no podía emitir más órdenes ni recomendaciones en el caso. El primer error no se cometió.

Distinto es la falta de corrección de la Orden denegando un traslado peticionado por la parte peticionaria, siguiendo el trámite correspondiente. Por dicho error, que está planteado como segundo señalamiento de error y que, si se cometió, nos vemos precisados a Expedir el Auto solicitado y dejar esa orden de denegar el traslado sin celebrar una vista, sin efecto.

Una vez se inhibe el juez que atendía el caso, procedía traer a la atención de la Juez Administradora dicho caso. La orden de esta, asignando otra juez para continuar los procedimientos en el caso, fue una correcta. La Orden de la Juez Administradora que no autoriza el traslado solicitado, sin la celebración de una vista, se deja sin efecto. La controversia del traslado sigue viva. Existe una controversia respecto a la competencia correcta del Tribunal para atender los reclamos hechos en esa demanda. Ese tipo de

---

[1] Ver: *Andino Torres, Ex parte, supra*.

controversia, para cumplir con el debido proceso de ley, requiere de una vista evidenciaria, donde se sienten los testigos que puedan hablar de todo aspecto pertinente a la Sala del Tribunal con competencia para atender esa demanda, la que deberá ser atendida, si no ocurre otra inhibición, por la Jueza asignada a continuar atendiendo el caso.

**IV.**

Por los fundamentos antes expuestos, los que se hacen formar parte de esta Sentencia, se expide el auto de certiorari y se deja sin efecto la orden que niega el Traslado solicitado y se ordena la celebración de una vista evidenciaria sobre esa controversia, en torno a la controversia de la Sala del TPI con competencia para dilucidar este caso.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones