ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| ANNETTE PEREDO ORUÑA<br><br>Peticionario<br><br>v.<br><br>EILEEN CARRIÓN REXACH;<br>Y OTROS<br><br>Recurrido | TA2026CE00282 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2022CV08603<br><br>Sobre: División o liquidación de la comunidad de bienes hereditarios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de abril de 2026.

Comparece ante nos la señora Annette Peredo Oruña (señora Peredo Oruña o peticionaria) y solicita la revocación de la *Resolución*, notificada el 16 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario).[2] En el aludido dictamen, el Juez Alexis J. Carlo Ríos (Juez Carlo Ríos), denegó la petición de recusación dirigida a la Jueza Katarina M. Stipec Rubio (Jueza Stipec Rubio).

Por los fundamentos que se esbozan a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

El 2 de octubre de 2022, la señora Peredo Oruña instó la demanda de epígrafe, sobre división y liquidación de la comunidad hereditaria del causante Manuel Osvaldo Peredo Lara, en contra de las señoras Eileen Carrión Rexach (señora Carrión Rexach), Alexandra Marie Peredo Carrión-Rexach (señora Peredo Carrión-

---

[1] Véase OATA-2026-029.
[2] Entrada Núm. 227 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.

Rexach) e Ivonne Marie Peredo Oruña (señora Ivonne Peredo Oruña) (en conjunto, recurridas).[3]

Superados múltiples incidentes procesales y durante la etapa de descubrimiento de prueba, el 29 de octubre de 2025, la peticionaria instó una *Solicitud de orden para tomar deposición.*[4] En el referido escrito expresó que, ante la omisión de las recurridas en facilitar la totalidad de la prueba provista por Banco Popular de Puerto Rico (BPPR), le era imperioso la expedición de una orden a los efectos de deponer al BPPR. Además, anejó una carta suplida por BPPR en la cual se niega cursar información privilegiada de las recurridas, sin previa orden de registro expedida por el TPI o una carta de autorización de las titulares de la cuenta en controversia.

Al día siguiente, el foro primario emitió una *Orden* mediante la cual denegó la solicitud de deposición presentada por la peticionaria.[5] En particular, indicó lo siguiente, "[l]a promovente no acredita la negativa de los titulares de la cuenta para autorizar que se produzca la información". Además, como parte del manejo del caso, amplió el término previsto para continuar con el descubrimiento de prueba y presentar mociones dispositivas.[6]

Así las cosas y atendido el relevo de la representación legal de la señora Carrión Rexach, el foro primario le otorgó treinta (30) días para anunciar nueva representación legal.[7] En el interín, la señora Peredo Oruña sometió tres (3) petitorios distintos, referentes al descubrimiento de prueba[8], los cuales fueron denegados por el foro primario, respectivamente.[9]

En reacción, el 8 de enero de 2026, la peticionaria instó una *Solicitud de inhibición* contra la Jueza Stipec Rubio.[10] En suma, le

---

[3] *Íd.*, Entrada Núm. 1.
[4] Entrada Núm. 200 en el SUMAC del Poder Judicial.
[5] *Íd.*, Entrada Núm. 201.
[6] *Íd.*, Entrada Núm. 202.
[7] *Íd.*, Entrada Núm. 209.
[8] *Íd.*, Entrada Núm. 210, 212 y 213.
[9] *Íd.*, Entrada Núm. 211, 214, 215, 221-223.
[10] *Íd.*, Entrada Núm. 224.

imputó apariencia de parcialidad ante la acumulación de decisiones judiciales adversas. Sostuvo que, el 20 de noviembre de 2025, radicó una queja por presuntas violaciones a los cánones de ética judicial contra la Jueza Stipec Rubio, lo cual, a su entender, provocó un cambio en el criterio judicial de la Jueza. En particular, planteó que, anterior a la queja, la Jueza Stipec Rubio estaba inclinada a conceder una extensión al término de descubrimiento de prueba que posteriormente denegó.

Evaluado lo antes, la Jueza Stipec Rubio emitió un dictamen en el que declaró improcedente la solicitud de inhibición en el caso de epígrafe.[11] Consignó que, en relación con la presunta queja ética, desconocía de su proceder, por no haber sido notificada de una investigación conforme al protocolo de evaluación de la Oficina de Administración de los Tribunales (OAT). Además, señaló que, los petitorios fueron presentados a destiempo, ante el relevo de la representación legal de la señora Carrión Rexach. Consecuentemente, en cumplimiento con las normas procesales, ordenó el referido del asunto a la atención de la Jueza Coordinadora de Asuntos de lo Civil, quien a su vez lo refirió al Juez Carlo Ríos para su adjudicación.

Efectuado el análisis correspondiente, el Juez Carlo Ríos denegó el referido petitorio mediante la *Resolución* impugnada y al no prosperar en su intento de reconsideración[12], la peticionaria acude ante esta Curia mediante el recurso de epígrafe y señala lo siguiente:

> Erró y/o abusó de su discreción el TPI al declarar no ha lugar Moción de Inhibición presentada por la peticionaria fundamentando su determinación en la exigencia de hechos extrajudiciales que demuestren prejuicio o parcialidad al amparo del inciso (a) de la Regla 63.1 de Procedimiento Civil de Puerto Rico, cuando este requisito no es de aplicación al caso de autos ya que se alegó apariencia de parcialidad al

---

[11] *Íd.*, Entrada Núm. 225.
[12] *Íd.*, Entrada Núm. 231.

amparo del inciso (j) de la Regla 63.1 de Procedimiento Civil de Puerto Rico.

Apercibidas las recurridas del estricto cumplimiento de la Regla 22 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025) y autorizado el término de prórroga solicitado, el 30 de marzo de 2026, la señora Eileen Carrión Rexach y la señora Alexandra Marie Peredo Carrión presentaron un *Memorando en oposición a la expedición del auto de certiorari,* por lo que, con el beneficio de la postura de las partes, procedemos a resolver.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023).

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1*,* limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla

56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. Regla 52.1 de las Reglas de Procedimiento Civil, *supra.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales

deberán ser elevados, o de alegatos más
elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

## B. La Recusación Judicial

En aras de promover la política pública de ofrecer a todo ciudadano el derecho a que su causa sea ventilada sin prejuicio alguno por parte del magistrado competente, la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V. R. 63.1, enumera las causas por las cuales un juez o jueza deberá inhibirse de intervenir en un pleito. Al respecto y en lo aquí pertinente, el estatuto dispone como sigue:

> A iniciativa propia, o a recusación de parte, un juez o jueza deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:
>
> (a) Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;
>
> [...]
>
> (j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia. 32 LPRA Ap. V, R. 63.1.

De otra parte, procede señalar que los Cánones 8 y 20 (i) de Ética Judicial, 4 LPRA Ap. IV-B, atienden lo que constituye la "apariencia de imparcialidad judicial". En particular, el Canon 8

establece que la conducta de los jueces ha de excluir la posible apariencia de que son susceptibles de actuar por influencias. 4 LPRA Ap. IV-B, C. 8.

Del mismo modo, el Canon 20 (i), dispone que los jueces deberán inhibirse por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.  4 LPRA AP. IV-B, C. 20 (i). La parcialidad aducida a fin de que un juez no intervenga en determinado asunto debe ser en el ámbito personal. *Mun. de Carolina v. CH Properties*, 200 DPR 701, 712 (2018). La solicitud de inhibición judicial se circunscribe por los principios de buena fe, abuso de derecho e incuria, por lo que una solicitud de recusación debe apoyarse en hechos comprobables, a la luz de la totalidad de las circunstancias. *Mun. de Carolina v. CH Properties*, supra; *Martí Soler v. Gallardo Álvarez,* 170 DPR 1 (2007).

La jurisprudencia vigente reconoce que "la mera apariencia de parcialidad constituye un motivo suficiente para la inhibición o recusación de un juez." *Mun. de Carolina v. CH Properties*, supra, pág 713; *Lind v. Cruz,* 160 DPR 485 (2003).  Ello así, toda vez que los tribunales de justicia tienen el deber de velar porque la consideración de las prerrogativas de quienes acuden a su auxilio esté libre de toda sospecha. *Mun. de Carolina v. CH Properties*, supra.  Es en el ideal de la protección a la confianza pública que, a su vez, se exige una administración apropiada de los casos. *Íd.*

En cambio, la mera presentación de una querella contra un juez no logra la recusación automática del magistrado. Aun así, los jueces deben evaluar las circunstancias adicionales existentes, que en conjunto circunscriban un escenario en que su imparcialidad pueda ser cuestionada. Esto, sin embargo, no puede ser utilizado como subterfugio para lograr la inhibición de un juez o la recusación

automática. S. Steidel Figueroa, *Ética para juristas: Ética Judicial y Responsabilidad Disciplinaria*, 1ra ed., San Juan, Ediciones SITUM, págs. 241-242; *Mun. de Carolina v. CH Properties*, supra, pág. 718.

**III.**

En su recurso, la peticionaria aduce que el foro primario erró al denegar su solicitud de recusación en contra de la Honorable Jueza Stipec Rubio. Reafirma que, las actuaciones de la Jueza Stipec Rubio produjeron una percepción de trato desigual contra la peticionaria, ante el cúmulo de denegatorias que limitó el descubrimiento de prueba injustificadamente. Sostiene que, la totalidad de las circunstancias demostraron apariencia de parcialidad que mina la confianza pública en el sistema de justicia.

Por su parte, las recurridas expusieron que la peticionaria no ha logrado demostrar la existencia de circunstancias excepcionales que justifiquen la intervención de esta Curia con el dictamen impugnado, el cual se sostiene en derecho.

De un examen sosegado del dictamen recurrido, surge que, el TPI sopesó tanto, las alegaciones de la señora Peredo Oruña sobre la proximidad temporal de la queja ética que provocó un cambio de postura, así como, los cuestionamientos sobre el manejo de caso de la Jueza Stipec Rubio. A esos fines, al denegar el petitorio, el foro primario sopesó la totalidad de las circunstancias y apego a la doctrina que no permite utilizar la queja ética como subterfugio para lograr la inhibición de un juez. A esos fines, destacó lo resuelto por el Tribunal Supremo en *Mun. de Carolina v. CH Properties*, supra, pág. 718; *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 667 (2000), así como lo publicado por Cuevas Segarra en el Tratado de Derecho Procesal Civil, Segunda Edición, 2011, pág. 1863, entre otras fuentes de derecho.

Tras una evaluación detenida del expediente ante nos, colegimos que, el asunto traído a nuestra consideración en el

presente recurso no persuade a esta Curia a intervenir en el ejercicio discrecional del foro primario. Conforme las normativas antes expuestas, nuestra función se circunscribe a revisar determinaciones discrecionales de los foros de instancia bajo el estándar de revisión de abuso de discreción. A esos efectos, presupone que el foro haya identificado adecuadamente la controversia, haya ejercido su facultad discrecional dentro de un debido proceso de ley y que haya adjudicado dentro de los parámetros legales establecidos por nuestro ordenamiento jurídico. En cumplimiento a lo anterior y como resultado de nuestra evaluación, conforme nos autoriza la Regla 40 de nuestro Reglamento, *supra*, no identificamos error manifiesto, arbitrariedad o abuso de discreción por parte del foro primario que amerite nuestra intervención con el dictamen recurrido, por lo que declinamos expedir el auto discrecional de *certiorari* solicitado.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
